1  MICHAEL M.K. SEBREE #142649
   WILLIAM E. ADAMS #153330
2  DAWN NEWTON #209002
   FITZGERALD ABBOTT & BEARDSLEY LLP
3  1221 Broadway, 21st Floor
   Oakland, California 94612
4  Telephone: (510) 451-3300
   Facsimile: (510) 451-1527
5  Emails: wadams@fablaw.com/dnewton@fablaw.com

6  Attorneys for Plaintiff
   HUBB SYSTEMS, LLC
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 HUBB SYSTEMS, LLC,                      Case No.: C07-02677

11        Plaintiff,                        **COMPLAINT FOR TRADEMARK**
                                            **INFRINGEMENT, FALSE**
12        vs.                               **DESIGNATION OF ORIGIN,**
                                            **CYBERSQUATTING AND UNFAIR**
13 MICRODATA GIS, INC.,                     **COMPETITION**

14        Defendant.
                                            JURY TRIAL DEMANDED
15

16        Plaintiff alleges:

17        1.    **Jurisdiction.** This court has subject matter jurisdiction over this matter under 15

18 U.S.C. § 1121 and § 1125(d) and 28 U.S.C. §§ 1331 and 1338 (a) and (b). This civil action

19 includes counts for infringement of a trademark registered in the United States Patent and

20 Trademark Office, as authorized by the Trademark Act, for false designation of origin under

21 section 43(a) of the Lanham Act, for violation of the Anti-Cybersquatting Consumer Protection

22 Act, and for a related claim of unfair competition.

23        2.    **Jurisdiction.** This court also has subject matter jurisdiction of this action under

24 28 U.S.C. § 1332 because:

25             a.    The Plaintiff, Hubb Systems, LLC ("Plaintiff"), is a limited liability

26 company organized and existing under the laws of the State of California, with its principal

27 place of business at 2021 Challenger Drive, #101, Alameda, California.

28
                                            1
   COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
                  CYBERSQUATTING AND UNFAIR COMPETITION CASE NO.:
   5/21/07 (24601) #271163.1

1    b.    The Defendant, microDATA GIS, Inc. ("Defendant") is a corporation
2  organized and existing under the laws of the State of Vermont, with its principal place of
3  business at 1016 U.S. Route 5, St. Johnsbury, Vermont.

4    c.    There is complete diversity of citizenship between the Plaintiff and
5  Defendant; and

6    d.    The amount in controversy exceeds the sum of $75,000, exclusive of
7  interest and costs.

8    3.    **Jurisdiction.**  This court has personal jurisdiction over Defendant because
9  Defendant has engaged in sales of its goods and services in California including exhibiting
10  under the name "microDATA911" at the CalNeva tradeshow in January 2007 in Garden Grove,
11  California.

12    4.    Plaintiff demands a jury trial. Fed. R. Civ. Pro. § 38(b); Federal CRC 3-6.

13    5.    Since no later than 1989, Plaintiff or its predecessors in interest, and their agents
14  and assigns, have designed, manufactured, and sold mobile hardware and software systems for
15  public safety under the trade name and trademark "Data911." Plaintiff's products are sold to
16  public safety departments and include mobile computing systems, digital video processing units,
17  hand held devices, software programs including computer aided dispatch (CAD) and automatic
18  vehicle location (AVL), and customized systems.

19    6.    As a result of Plaintiff's substantial advertising and promotional efforts for
20  Plaintiff's goods and services, as well as their dedication to providing quality services, Plaintiff's
21  marks are widely and favorably recognized and relied upon by the relevant trade and consuming
22  public as indicating high quality goods and services originating exclusively from Plaintiff. Due
23  to such efforts, Plaintiff's mark has earned very valuable goodwill.

24    7.    In order to protect the extensive goodwill symbolized by Plaintiff's mark,
25  Plaintiff sought and obtained a federal registration for its mark, "DATA911," for computer
26  software in the field of public safety on the Principal Register of the United States Patent and
27
28
_____2_____
COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
CYBERSQUATTING AND UNFAIR COMPETITION CASE NO.:
5/21/07 (24601) #271163.1

1  Trademark Office Registration Number 2,546,009, with a registration dated March 12, 2002.

2  The Data911 mark was first used in commerce no later than 1989.

3      8.    Plaintiff filed Combined Declaration of Use and Incontestability Under Section 8

4  & 15 (15 U.S.C. §§ 1058 & 1065) on April 19, 2007 for its trademark Registration Number

5  2,546,009. Upon acceptance of the Combined Declaration by the United States Patent and

6  Trademark Office the registration will achieve incontestable status under the Lanham Act, 15

7  U.S.C. § 1065. An incontestable status upon the Principal Register is conclusive evidence of the

8  validity of the registered mark, of the registrant's ownership of the mark, and the registrant's

9  exclusive right to use the registered mark. Lanham Act, 15 U.S.C. § 1115(b).

10     9.    In or about January, 2007, Plaintiff became aware that Defendant had changed its

11  trade name from "microDATA GIS" to "microDATA 911" and was using the new mark to

12  identify computer goods and services very similar to those sold by Plaintiff under its federally

13  registered trademark. Defendant designs, manufactures and sells software including mapping,

14  CAD and AVL to the public safety community.

15     10.    Plaintiff subsequently discovered that in 2006 Defendant registered the domain

16  name "microdata911.com" as the URL for its Internet website, in addition to its prior domain

17  name of "microdatagis.com." Plaintiff's domain name is "data911.com," a domain name it has

18  held and used in commerce in connection with its federally registered trademark since 1997.

19                                    FIRST COUNT

20                              (Trademark Infringement)

21     11.    Since about October, 2006, Defendant has operated its business using the

22  microDATA 911 mark, for the sale of goods and services related to computer software for

23  public safety.

24     12.    microDATA 911 as used by Defendant is confusingly similar to the registered

25  trademark of Plaintiff. Defendant has used this confusingly similar mark in its advertising and

26  promotion.

27

28
                                          3

1    13.    The unlicensed use of any colorable variation of Plaintiff's trademark by

2    Defendant is likely to cause mistake or confusion or deception in the minds of the public and

3    constitutes an infringement of Plaintiff's federally registered trademark.

4    14.    Because Plaintiff has no control over the nature of Defendant's unlicensed use of

5    the infringing mark, Plaintiff will be and is being damaged by Defendant's unauthorized use of

6    the mark, and Plaintiff's rights in its registered mark have been and will be diluted as a result of

7    Defendant's conduct, to Plaintiff's detriment.

8    15.    The infringements charged above are knowing and willful infringements.

9    16.    The goodwill of Plaintiff's business under its Data911 registered trademark is of

10   enormous value, and Plaintiff will suffer irreparable harm if infringement is allowed to continue

11   to the detriment of Plaintiff's trade reputation and goodwill.

12   WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

13   SECOND COUNT

14   (False Designation of Origin; §43(a) of the Lanham Act)

15   17.    Defendant's use of the "microDATA 911" mark constitutes a false designation of

16   origin which is likely to deceive customers and perspective customers into believing that

17   Defendant's line of products is that of the Plaintiff, and, as a consequence, is likely to divert

18   customers away from the Plaintiff.

19   18.    Plaintiff has no control over the nature and quality of the line of products

20   manufactured and sold by Defendant. Any failure, neglect or default by Defendant in providing

21   such products will reflect adversely on Plaintiff as the believed source and origin thereof,

22   hampering efforts by Plaintiff to continue to protect its outstanding reputation for high quality,

23   high precision products, resulting in loss of sales thereof and the considerable expenditures to

24   promote its products under the mark, all to the irreparable harm of Plaintiff.

25   19.    Defendant's false designation of origin will continue unless enjoined by this

26   court.

27

28

4

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
CYBERSQUATTING AND UNFAIR COMPETITION CASE NO.:
5/21/07 (24601) #271163.1

THIRD COUNT

(Cybersquatting)

20. Defendant has registered and used the domain name "microdata911.com" which is confusingly similar to Plaintiff's existing domain name "data911.com" and Plaintiff's federally registered trademark "DATA911."

21. At the time Defendant registered the domain name "microdata911.com," Plaintiff's trademark "DATA911" was distinctive.

22. Defendant acted in bad faith in registering and using the "microdata911.com" domain name in that Defendant was aware of Plaintiff's rights in its federally registered trademark "DATA911" and its use of "data911.com" in connection with its mark and intended to profit from the use of a confusingly similar product name and domain name.

23. Plaintiff will be harmed by Defendant's continuing use of the domain "microdata911.com."

THIRD COUNT

(Unfair Competition)

24. The use of Plaintiff's trademark, or any colorable imitation of it by the Defendant, is likely to cause mistake, or confuse or deceive the general public.

25. The use of the name microDATA 911 by Defendant constitutes a knowing and willful passing off of the services of Defendant, for those of Plaintiff, and is a deception of citizens of the State of California and throughout the United States.

26. The actions of the Defendant constitute unfair competition with Plaintiff in the trade by reason of Defendant's use of a mark confusingly similar to Plaintiff's trademark.

27. These acts of unfair competition by Defendant have caused and are continuing to cause irreparable injury to the reputation Plaintiff has established over several decades.

28. Unless the use of Plaintiff's trademark by Defendant is restrained, Defendant will continue these acts to the detriment of Plaintiff.

WHEREFORE, Plaintiff prays for judgment as follows:

5

1                                                 PRAYER

2          Plaintiff demands:

3                    a.      On the first count, that Defendant, its agents, servants, employees,

4    privies, successors, and assigns, and all claiming any rights through them, be restrained

5    following this suit and perpetually enjoined from:

6                            (i)      Using the name "microDATA 911" or any name including any

7    combination of the formatives "data" and "911" or any other colorable imitation of Plaintiff's

8    registered trademark; and

9                            (ii)     Otherwise infringing Plaintiff's registered trademark;

10                   b.      On the first count, that Defendant account to the Plaintiff and pay the

11   Plaintiff all profits realized from the sale of goods or services under the name

12   "microDATA911";

13                   c.      On the first count, that the Plaintiff recover all damages sustained by

14   Plaintiff on account of the infringement;

15                   d.      On the second count, that Defendant be ordered to surrender for

16   destruction all products, name plates, labels, advertisements and other materials constituting

17   infringement of Plaintiff's designation of origin and infringement of U.S. Trademark

18   Registration No. 2,546,009;

19                   e.      On the third count, that Defendant be restrained from using the domain

20   name "microdata911.com" and that such domain name be cancelled or transferred to Plaintiff;

21                   f.      On the fourth count, that the Plaintiff recover all damages sustained on

22   account of the unfair competition; and

23                   g.      For costs of suit.

24   Dated: May 21, 2007                          FITZGERALD ABBOTT & BEARDSLEY LLP

25
                                                  By
26                                                       William E. Adams
                                                         Attorneys for Plaintiff HUBB SYSTEMS, LLC
27

28
                                                  6
     COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
                CYBERSQUATTING AND UNFAIR COMPETITION CASE NO.:
     5/21/07 (24601) #271163.1