Breck E. Milde (Cal. State Bar No. 122437)
bmilde@terra-law.com
Mark W. Good (Cal. State Bar No. 218809)
mgood@terra-law.com
Terra Law, LLP
177 Park Avenue, Third Floor
San Jose, CA 95113
Tel: (408) 299-1200
Fax: (408) 998-4895

R. Prescott Jaunich (Cal. State Bar No. 164390)
sjaunich@drm.com
Downs Rachlin Martin PLLC
199 Main Street, P.O. Box 190
Burlington, VT 05402
Tel: 802-863-2375
Fax: 802-862-7512

Counsel for Defendant microDATA GIS, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUBB SYSTEMS, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICRODATA GIS, INC.,<br><br>　　　　Defendant. | Case No. C07-02677 BZ<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION**<br><br>Date:　August 1, 2007<br>Time:　10:00 a.m.<br>Courtroom:　G<br>Magistrate Judge Bernard Zimmerman |

　　　　Defendant Microdata GIS, Inc. respectfully requests that the Court take judicial notice of the following document pursuant to Rule 201 of the Federal Rules of Evidence:

　　　　1.　　Plaintiff Microdata GIS, Inc.'s Motion to Enjoin Prosecution of Later Filed California Action, dated June 14, 2007, United States District Court, District of Vermont, Case No. 2:07-cv-108.

Dated: June 15, 2007　　　　　　　　　　　　TERRA LAW LLP


　　　　　　　　　　　　　　　　　　　　By:　　/s/ Mark W. Good
　　　　　　　　　　　　　　　　　　　　　　　Mark W. Good (Cal. State Bar No. 218809)
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for microDATA GIS, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MICRODATA GIS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:07-cv-108 |
| ) | |
| HUBB SYSTEMS, LLC, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF MICRODATA GIS, INC.'S MOTION TO ENJOIN PROSECUTION OF LATER-FILED CALIFORNIA ACTION

Plaintiff microDATA GIS, Inc. ("microDATA") respectfully moves this Court to enjoin the prosecution by Hubb Systems, LLC ("Hubb") of its later-filed, duplicative action commenced in California federal court (the "California action"). That action involves the same parties and the same issues, and was commenced by Hubb in direct response to its knowledge of this action, which was filed eleven (11) days earlier by microDATA. In support of this Motion, microDATA refers to and incorporates its "Notice Pursuant To L.R. 42.1(a) of Later-Filed Action Between Same Parties in Another Jurisdiction," which it filed with this Court on June 12 (Docket Entry 4). That Notice, in turn, attached and incorporated: a) the Motion to Dismiss that microDATA filed on June 11 in the California action, seeking the dismissal of that action on the grounds of the first-to-file rule, and b) the Declaration of Bruce Heinrich of microDATA. This Court has clear authority to enjoin the prosecution of a duplicative action in another jurisdiction,

and should do so. In further support of this Motion, microDATA relies on the following memorandum.[1]

### MEMORANDUM OF LAW

MicroDATA filed this declaratory judgment action on May 10, 2007 because Hubb had sent two letters alleging that microDATA infringed Hubb's trademark and threatening microDATA with "legal action." Docket Entry 1 (microDATA Complaint at ¶¶ 1, 22-27); Declaration of Bruce Heinrich, June 11, 2007 ("Heinrich Decl.") at ¶¶ 5-10. That same day, May 10, microDATA notified Hubb, by e-mail and Fed Ex, of its filing, by sending a copy of the Complaint bearing the Court's file-stamp. Heinrich Decl., ¶ 11. Without any further communication from Hubb, on May 22 microDATA was served with a Complaint that Hubb had filed in California a day earlier (May 21). Heinrich Decl. ¶ 12. In other words, Hubb responded to this action, without communicating with microDATA in any way, by simply filing a nearly identical action in California. MicroDATA served Hubb with the Complaint and related papers in this action on May 24, and filed the return of service on Hubb with this Court on June 4. Docket Entry 3. As of this date, Hubb has not filed in the California action a return of service on microDATA.

There can be no dispute that this action was first-filed. Likewise, there can be no dispute that Hubb had been on notice of the pendency of this action for at least ten (10) days before it filed the California action.[2] Finally, there can be no dispute that the California action involves the same parties and same issues as this action. Hubb offered no explanation for why it simply

---

[1] The Motion to Dismiss that microDATA filed in the California action contains a detailed background of the trademark dispute between the parties, and the procedural history. That history will not be repeated in full here.

[2] Neither before serving microDATA with the California suit papers on May 22, nor thereafter, nor at any time to the present, has Hubb explained to microDATA its reasons for filing the second action or asserted that *this* action is improper or invalid in any way. Nor has Hubb filed anything with this Court challenging the validity of this action or explaining its reasons for filing a second action between the same parties in California.

filed another action. For the reasons set forth in microDATA's Motion to Dismiss filed in the California action, and according to well-established precedent in this Circuit also, the first-filed action takes precedence. Reliance Insurance Co. v. Six Star, Inc., 155 F.Supp.2d 49, 54 (S.D.N.Y. 2001) ("when two actions involving the same parties and issues are pending concurrently, courts in the Second Circuit follow the 'first-filed' rule whereby the court which first has possession of the action decides it"); see also First City Nat'l Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989) (it is a "well-settled principle in this Circuit that where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second"); Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421 (2d Cir. 1965) (cert. dismissed, 384 U.S. 948 (1966) (same). MicroDATA respectfully requests that this Court preserve its jurisdiction over the subject matter of this action and enjoin the prosecution of the later-filed action.

It is well-established that two cases involving the same issues and the same parties should not be allowed to remain simultaneously pending. See Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960). To avoid duplicative litigation, this Court should therefore enjoin Hubb's prosecution of the California action. See Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197, 1202-04 (2d Cir. 1970) (first court should enjoin prosecution of second action); City of New York v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir. 1991) ("the first court has jurisdiction to enjoin the second one"); see also International Nickel Co., Inc. v. Martin J. Barry, Inc., 204 F.2d 583, 585-86 (4th Cir. 1953) (court has power to stay a suit that is duplicative of an earlier-filed suit). MicroDATA sees no reason why Hubb, with full knowledge of the pendency of this action, should simply disregard this Court by filing an entirely duplicative action

elsewhere.[3] Therefore, microDATA respectfully asks this Court to enjoin Hubb from prosecuting the California action.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in microDATA's motion to dismiss filed in the California action, microDATA respectfully requests that the Court enjoin Hubb from prosecuting the later-filed and duplicative California action.

Dated at Burlington, Vermont the 14th day of June, 2007.

                        MICRODATA GIS, INC.

                        By: /s/ Walter E. Judge, Jr.
                            Walter E. Judge, Jr.
                            Lawrence H. Meier
                            Downs Rachlin Martin PLLC
                            199 Main Street, P.O. Box 190
                            Burlington, VT 05402
                            (802) 863-2375

cc: William E. Adams, Esq.
     Michael L. Burak, Esq.
     Breck E. Milde, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(b)

Although it is not clear that this motion is subject to L.R. 7.1(b), undersigned counsel for microDATA certifies that he attempted to confer in good faith with Hubb's counsel to see if Hubb would agree to the relief sought in this motion. Hubb did not give its consent. Specifically, on Thursday, June 14, 2007 at 12:15 p.m. Eastern Time (9:15 Pacific Time), undersigned counsel telephoned Attorney William Adams of Oakland, California, Hubb's attorney in the California action, and left a voice mail message describing this motion and inquiring whether Hubb would agree to the relief sought. Undersigned counsel then followed up with an e-mail message to Mr. Adams making the same inquiry. At 4:50 p.m. Eastern Time on June 14, Mr. Adams responded by e-mail that Hubb would not agree.

---

[3] In filing the California action, Hubb made no mention of the existence of this action, in violation of California Local Rule 3-13(a), which is similar to this Court's L.R. 42.1(a). The California local rule required Hubb to file a notice in that Court: 1) describing the other action (i.e., this action); 2) giving the title and location of the court in which the other action is pending; and 3) giving a brief statement of the relationship between the two actions, etc. Hubb did not do this.

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2007, I filed this "Motion to Enjoin Later-Filed Action" with the Clerk of Court. I certify that on June 14, 2007, I e-mailed, faxed, and/or mailed by United States Postal Service, the foregoing document(s) to counsel for Hubb Systems, LLC in the California action, and to Michael L. Burak, Esq., counsel of record for Hubb in this action.

                                          /s/ Walter E. Judge, Jr.
                                          Walter E. Judge, Jr.

2023743 1