MICHAEL M.K. SEBREE #142649
WILLIAM E. ADAMS #153330
DAWN NEWTON #209002
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Emails: wadams@fablaw.com;dnewton@fablaw.com

Attorneys for Plaintiff
HUBB SYSTEMS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| HUBB SYSTEMS, LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>MICRODATA GIS, INC.,<br><br>  Defendant. | Case No.: C07-02677 BZ<br><br>**HUBB SYSTEMS' OPPOSITION TO EX PARTE APPLICATION**<br><br>Courtroom G<br>Magistrate Judge Bernard Zimmerman |

## I. INTRODUCTION

This action involves a dispute over the rights to a federally registered trademark and Defendant's infringement of that mark. Although there are competing jurisdictional claims in California and Vermont over this dispute, the California action is the only venue where the merits of the infringement claim are being addressed and a motion for preliminary injunction is scheduled. Defendant has asked this court to continue the hearing on the preliminary injunction, while at the same time it is actively continuing to appear at industry trade shows using Plaintiff's mark. This activity is irreparably harmful to Plaintiff. Moreover, Plaintiff expects that the issue over venue will be resolved in favor of California very shortly. For each of these reasons, Plaintiff requests that this Court deny Defendant's ex parte application and proceed to hearing on the preliminary injunction motion as scheduled.

///

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION CASE NO.: C07-02677 BZ

7/5/07 (24601) #274908.1

## II. FACTUAL BACKGROUND

Plaintiff Hubb Systems, LLC ("Plaintiff" or "Hubb") is a manufacturer and distributor of goods for use in the public safety sector, including mobile computing and mapping system products, digital video processing units, hand-held devices, software programs including computer aided dispatch (CAD) and automatic vehicle location (AVL), and other customized systems. See, Declaration of Scott Beisner in Support of Motion for Preliminary Injunction, Docket Number 18, filed June 22, 2007, ("Beisner Decl."), ¶2. Hubb owns the federally registered tradename and mark "DATA911" under which it markets its goods. This mark has been openly and continuously used since 1989. Id.

Defendant microDATA GIS, Inc. ("Defendant" or "microDATA") also markets goods to the public safety sector, including CAD, AVL and mapping software systems. Beisner Decl., ¶8. It existed and competed with Hubb in the public safety sector for many years, but at some time in 2006, it registered the internet domain name "microdata911.com" and began selling its goods under the name "microDATA 911." In January 2007, Hubb discovered this infringing use of its DATA911 mark and wrote the first of two cease and desist letters. The competing litigation in California and Vermont followed in May.

In 2007, microDATA has already exhibited under the infringing name "microDATA 911" at four trade shows also attended by Hubb. Two of those trade shows were in California, the most recent one in June. microDATA and Hubb are both registered attendees at the upcoming APCO International Conference beginning August 5, 2007 in Baltimore, Maryland, which will be attended by potential customers from around the world and throughout the country. Beisner Decl., ¶12.

## III. IT IS URGENT THAT THIS COURT ADDRESS THE MATTER OF MICRODATA'S INFRINGEMENT ON HUBB'S FEDERAL MARK

microDATA contends that this Court should grant its ex parte application to continue the preliminary injunction motion to an undefined time in the future on the grounds that Hubb cannot argue that it is in danger of immediate and irreparable injury. The argument should be

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION CASE NO.: C07-02677 BZ

7/5/07 (24601) #274908.1

vanquished for two reasons: First, it should not be the place of the infringer to determine the degree and extent of harm suffered by its infringing activities, and the concomitant delay in court intervention. Second, the contention is simply untrue.

It is undeniable that the conduct of microDATA, which is the basis of Hubb's complaint for trademark infringement and unfair competition, is continuing on a daily basis. Each and every offer for sale of "microDATA 911" products injures Hubb and its federally registered "DATA911" trademark, which has become incontestable under the Lanham Act. 15 U.S.C. §1115(b); Beisner Decl., ¶7. As Hubb observed in its moving papers for the underlying motion for preliminary injunction, "Trademark infringement by its very nature results in irreparable injury since the attendant loss of goodwill, reputation and business cannot adequately be quantified and the trademark owner cannot adequately be compensated." Pepsico, Inc. v. Tones, 1993 U.S. Dist. LEXIS 17588 *9 1993 WESTLAW 455222 (C.D.CA. 1993). Once a party shows a likelihood of success on the merits of a Lanham Act claim, "irreparable injury may be presumed…This presumption effectively conflates the dual inquiries of this prong into the single question of whether the plaintiff has shown a likelihood of success on the merits." GoTo.com, Inc. v. The Walt Disney Co., 202 F.3d 1199, 1205, fn. 4 (9th Cir. 2000) (emphasis added); accord, Cadence Design Sys., Inc. v. Avant! Corp., 125 F.3d 824, 826-27 (9th Cir. 1997) ("a presumption of irreparable injury arises if the plaintiff is able to show a likelihood of success on the merits of [a] copyright infringement claim").

Moreover, Hubb is entitled to an injunction as a vestige of its incontestable mark. In the context of trademark disputes, "once a clear and deliberate infringement of an incontestable mark is shown, the owner of the mark is entitled to injunctive relief…" National Council of Young Men's Chrsitian Associations of U.S. v. The Columbia Young Men's Christian Association of Columbia, South Carolina, 1988 U.S. Dist. LEXIS 16535 *9, 1988 WESTLAW 144985 (D.S.C. 1988) (emphasis supplied). Moreover, "it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief is not granted." Vision Sports, Inc. v. Melville Corp., 888 F.2d 609, 612 (9th Cir. 1989). Hubb's showing of the clear and deliberate

infringement by microDATA is contained in its moving papers supporting the preliminary injunction motion.

The Court's injunction is needed now, as Hubb is aware that microDATA GIS intends to continue its infringing activity at the APCO International Conference, at which there will be representatives from the public safety field from all over the globe gathering to view goods and services presented by vendors including Hubb and microDATA.

Confronted with the weight of legal authority establishing its intentional infringing activity and Hubb's entitlement to injunctive relief, microDATA GIS seeks to suspend the hearing date indefinitely on the rationale that Hubb has not diligently prosecuted its rights. However, nothing in the timing of Hubb's prosecution of this action suggests that Hubb is not suffering irreparable harm. Hubb promptly filed its California action and, following microDATA's attendance as microDATA 911 at two tradeshows in quick succession (Beisner Decl., ¶12), Hubb filed its motion for preliminary injunction. Hubb hopes that this Court will recognize the absurdity of microDATA's comment that Hubb "did not seek to schedule a hearing on its [preliminary injunction] motion until August 1, 2007." (Defendant's Motion to Extend Hearing Date, 2:25.) This Court's motion calendar is available online, and Hubb selected the first available date for its hearing on the motion. Declaration of William E. Adams ("Adams Decl.), ¶2. Hubb has not been remiss in seeking relief for microDATA's infringement on its federally registered mark.

## IV. THERE IS NO JUDICIAL ECONOMY IN POSTPONING THE BRIEFING SCHEDULE

microDATA also argues that postponing the briefing schedule will promote judicial economy in that both this Court and the parties will be relieved of the burden of preparing for a motion that might be rendered moot by another motion pending in California or Vermont. The argument does not withstand even superficial scrutiny.

First microDATA is ably represented by experienced counsel at two well-respected law firms. In the past two months, it has collectively filed a complaint, a motion to dismiss, a

1  motion to enjoin prosecution of the California action, a motion to expedite the motion to enjoin
2  prosecution, and this ex parte application. Adams Decl., ¶5. Hubb seriously doubts that
3  responding to a preliminary injunction motion (which is inevitable and therefore not moot even
4  if this Court does not retain jurisdiction) will overwhelm the Defendant's resources.

5      Moreover, the motion for preliminary injunction is scheduled to be heard on August 1,
6  2007, the same day as the motion to dismiss. Hubb anticipates that this Court will deny the
7  motion to dismiss or at least continue that hearing to permit expedited discovery regarding
8  jurisdictional issues. Because of the danger of irreparable injury posed to Plaintiff, it is
9  appropriate for a preliminary injunction to issue while this action is pending. However, if this
10 Court grants the motion to dismiss, it may make that determination before considering its ruling
11 on the preliminary injunction. Accordingly, there is no risk of wasting judicial resources.

12     Nor does there appear to be much danger that any action by the Vermont court will
13 render this matter moot. That court has not yet set a single hearing date in relation to the motion
14 to enjoin prosecution of this action. Adams Decl., ¶6. Moreover, based on the way the district
15 court in Vermont generally operates, it may be a couple of months before that court schedules a
16 hearing on the motion to enjoin, even if it considers the matter on an expedited basis. Id. Hubb
17 should not be forced to wait for a ruling on its preliminary injunction motion for an
18 indeterminate amount of time based on a mere possibility that the Vermont court could grant
19 microDATA's motion to enjoin this California action.

20     Finally, although Hubb maintains that California is the proper venue for this action, as it
21 will argue in its opposition to microDATA's motion to dismiss, there is no reason for this Court
22 to be concerned with a conflict in law between the Ninth and the Second Circuits. With regard
23 to the issue of irreparable harm, the Second Circuit's position mirrors that of the Ninth Circuit in
24 that a showing of likelihood of confusion proves the existence of irreparable injury. See, e.g.,
25 Brennan's, Inc. v. Brennan's Restaurant, L.L.C., 360 F.3d 125, 129 (2d Cir. 2004) ["In a
26 trademark infringement case, proof of a likelihood of confusion establishes both a likelihood of
27 success on the merits and irreparable harm."]; LeSportsac, Inc. v. K Mart Corp., 754 F.2d 71, 79
28

(2d Cir. 1985) ["Likelihood of confusion is itself strong evidence that in the absence of an injunction [the moving party] might face irreparable harm.]; McCarthy, McCarthy on Trademarks (2006) Remedies, §30:47.

## II. CONCLUSION

For the foregoing reasons, Hubb respectfully requests that this Court deny microDATA's ex parte application to extend the hearing date of Hubb's motion for preliminary injunction and to change the briefing schedule.

Dated: July 5, 2007

FITZGERALD ABBOTT & BEARDSLEY LLP

By _____
William E. Adams
Attorneys for Plaintiff HUBB SYSTEMS, LLC

## PROOF OF SERVICE - F.R.C.P. §5

I, the undersigned, declare: I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action. I am employed by Fitzgerald Abbott & Beardsley, located at 1221 Broadway, 21st Floor, Oakland, CA 94612. I am readily familiar with this firm's business practice of processing of documents for service.

I hereby certify that on **July 5, 2007**, a true and correct copy of the following document(s) was filed electronically:

**HUBB SYSTEMS' OPPOSITION TO EX PARTE APPLICATION**

Notice of this filing will be sent by operation of the United States District Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties listed below will be served by the method indicated:

**R. Prescot Jaunich**
**DOWNS RACHLIN MARTIN PLLC**
**199 Main Street, P. O. Box 190**
**Burlington, Vermont 05402**
**Telephone: 802-863-2375**
**Facsimile: 802-862-7512**
**Email: sjaunich@drm.com**

**Counsel for Defendant microDATA GIS, Inc.**

| | |
|---|---|
| X | U.S. Mail - By placing a copy of said document(s) in a sealed envelope with postage thereon fully prepaid, and depositing said envelope with the U.S. Postal Service, following this firm's business practices. |
| | Federal Express - By placing a copy of said document(s) in a sealed pre-paid overnight envelope and deposited with Federal Express, following this firm's business practices. |
| | By Personal Service - I caused such envelope to be delivered by hand on the office(s) of the addressee(s). |
| | Facsimile - By placing a true copy thereof into a facsimile machine to the fax number stated above, as evidenced by the attached transmission report. |

I declare under the penalty of perjury under laws of the State of California that the foregoing is true and correct. Executed on **July 5, 2007**, at Oakland, California.

_____
Alleen N. Hodgkin

7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION CASE NO.: C07-02677 BZ
7/5/07 (24601) #274908.1