MICHAEL M.K. SEBREE #142649
WILLIAM E. ADAMS #153330
DAWN NEWTON #209002
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Emails: wadams@fablaw.com;dnewton@fablaw.com

Attorneys for Plaintiff
HUBB SYSTEMS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| HUBB SYSTEMS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> MICRODATA GIS, INC., <br><br> Defendant. | Case No.: C07-02677 BZ <br><br> **HUBB SYSTEMS' EX PARTE MOTION TO RESCHEDULE MOTION FOR PRELIMINARY INJUNCTION ON ORIGINAL HEARING DATE** <br><br> Courtroom G <br> Magistrate Judge Bernard Zimmerman |

I.  **MOTION**

TO DEFENDANT MICRODATA GIS, INC. AND ITS ATTORNEYS OF RECORD:

Plaintiff Hubb Systems, LLC ("Hubb" or "Plaintiff") hereby moves the Court to reschedule the hearing date on its motion for preliminary injunction back to its original August 1, 2007, date. This motion is made pursuant to FRCP Rule 6(d) and Civil Local Rule 6-3, on the grounds that new evidence, namely the stay imposed by the Vermont District Court on the action pending before it, eliminates the basis for the continuance granted on July 9, 2007, pursuant to the Defendant's ex parte motion for continuance.

This motion is based on the following Memorandum of Points and Authorities, the Request for Judicial Notice filed herewith, the Declaration of William E. Adams, the Declaration of Scott Beisner, filed June 22, 2007, and the pleadings and papers filed herein.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION CASE NO.: C07-02677 BZ

7/11/07 (24601) #275297.1

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. INTRODUCTION

This is matter involves an action for trademark infringement of Plaintiff's federally registered and incontestable mark, "DATA911."

On June 22, 2007, Plaintiff Hubb Systems, LLC ("Plaintiff" or "Hubb") filed a motion for preliminary injunction and selected an available hearing date of August 1, 2007. On June 29, 2007, Defendant microDATA GIS, Inc. ("Defendant" or "microDATA") filed an ex parte motion to continue the hearing date of the preliminary injunction motion on the grounds that extending the hearing date would promote judicial economy and avoid unnecessary expense, due to the pending competing Vermont action and the risk that the motion would be rendered moot. On July 6, 2007, this Court granted that ex parte application, setting the hearing over until September 5, 2007. Declaration of William E. Adams ("Adams Decl."), ¶3.

On July 9, 2007, microDATA's motion to enjoin this California action, filed in the United States District Court for the District of Vermont, came on for hearing before Magistrate Judge Niedermeier. Not only did the Vermont court deny the motion to enjoin, it issued a stay of the Vermont action as follows: "It is hereby ordered that this action is STAYED pending the resolution of the motions pending in the Northern District of California in Hubb Systems, LLC v. microDATA GIS, Inc." See Request for Judicial Notice, Exhibit A. In the Vermont court's estimation, the microDATA suit in Vermont was clearly anticipatory and it was appropriate to stay the Vermont proceedings even though no motion to stay those proceedings was before the court. Adams Decl., ¶¶4-5.

In light of the stay of the Vermont proceedings and the urgency that the motion for preliminary injunction be heard due to an industry trade show beginning August 5, 2007, Hubb requests that this Court move the hearing for preliminary injunction back to its original hearing date of August 1, 2007 and set whatever briefing schedule is necessary to accommodate that hearing date.

### B. IT IS URGENT THAT THIS COURT ADDRESS THE MATTER OF MICRODATA'S INFRINGEMENT ON HUBB'S FEDERAL MARK

In 2007, microDATA has already exhibited under the infringing name "microDATA 911" at four trade shows also attended by Hubb. microDATA and Hubb are both registered attendees at the upcoming APCO International Conference beginning August 5, 2007 in Baltimore, Maryland, which will be attended by potential customers from around the world and throughout the country. Declaration of Scott Beisner ("Beisner Decl."), ¶12, filed June 22, 2007, Docket No. Docket Number 18, filed June 22, 2007.

Hubb's motion for preliminary injunction and its opposition to microDATA's ex parte motion to continue the hearing date both set forth the basis for Hubb's entitlement to an injunction under the Lanham Act and federal case law. In the absence of a preliminary injunction prior to August 5th, microDATA will have the opportunity to inflict further harm to Hubb by infringing on its trademark at the significant APCO International Conference, despite Hubb's timely filing of a motion for preliminary injunction.

The sole basis for the continuance of the hearing date was equitable concern regarding judicial economy and unnecessary expense. More than half of that concern has been eliminated by the stay of the Vermont proceedings which will remain in place until the pending motions (therefore including the motion for preliminary injunction matter) have been resolved. The only remaining concern is that this Court might grant microDATA's motion to dismiss on August 1, 2007. This does not present a problem of judicial economy. If this Court is inclined to grant the motion to dismiss outright (though Hubb doubts that it will), it may spend little or no time considering the preliminary injunction motion. If it instead denies the motion to dismiss or grants Hubb's request for expedited discovery, it is appropriate to consider the merits of the motion for injunctive relief as quickly as possible. As the owner of a federal mark, Hubb is entitled to an injunction where microDATA is infringing on its mark, regardless of what venue the matter is ultimately heard in. Second Circuit law does not differ from Ninth Circuit law such that an injunction is less likely to be granted in the Vermont action than in the California

1  action.[1]

2  This Court has the power pursuant to FRCP Rule 6(d) to order that motions be heard on
3  shortened time. Hubb requests that in light of its proper and timely notice of the motion for
4  preliminary injunction originally set for August 1, 2007, and the exigencies of the circumstances
5  because of the upcoming APCO International Conference in August, that this Court now shorten
6  the time for the hearing date and set it for its original date.

7  **C. CONCLUSION**

8  For the foregoing reasons, Hubb urgently requests that this Court change the hearing
9  date of its motion to dismiss back to August 1, 2007, and set a briefing schedule for the
10 opposition and reply briefs that accommodates this hearing date.

12 Dated: July 11, 2007                    FITZGERALD ABBOTT & BEARDSLEY LLP

14                                         By _____
                                           William E. Adams
                                           Attorneys for Plaintiff HUBB SYSTEMS, LLC

---

[1] With regard to the issue of irreparable harm, the Second Circuit's position mirrors that of the Ninth Circuit in that a showing of likelihood of confusion proves the existence of irreparable injury. See, e.g., Brennan's, Inc. v. Brennan's Restaurant, L.L.C., 360 F.3d 125, 129 (2d Cir. 2004) ["In a trademark infringement case, proof of a likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm."]; LeSportsac, Inc. v. K Mart Corp., 754 F.2d 71, 79 (2d Cir. 1985) ["Likelihood of confusion is itself strong evidence that in the absence of an injunction [the moving party] might face irreparable harm.]; McCarthy, McCarthy on Trademarks (2006) Remedies, §30:47.