1  Breck E. Milde  (Cal. State Bar No. 122437)
   bmilde@terra-law.com
2  Mark W. Good (Cal. State Bar No. 218809)
   mgood@terra-law.com
3  Terra Law LLP
   177 Park Avenue, Third Floor
4  San Jose, CA 95113
   Tel: (408) 299-1200
5  Fax: (408) 998-4895

6  R. Prescott Jaunich (Cal. State Bar No. 164390)
   sjaunich@drm.com
7  Downs Rachlin Martin PLLC
   199 Main Street, P.O. Box 190
8  Burlington, VT  05402
   Tel: 802-863-2375
9  Fax: 802-862-7512

10  Counsel for Defendant microDATA GIS, Inc.

11                 **UNITED STATES DISTRICT COURT**

12           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13

14  HUBB SYSTEMS, LLC,                    )   Case No. C07-02677 BZ
                                          )
15                 Plaintiff,             )
                                          )
16         v.                             )   **REQUEST FOR JUDICIAL NOTICE IN**
                                          )   **SUPPORT OF MICRODATA GIS, INC.'S**
                                          )   **REPLY IN SUPPORT OF ITS MOTION TO**
17  MICRODATA GIS, INC.,                  )   **DISMISS**
                                          )
18                 Defendant.             )
                                          )   Date:   August 1, 2007
19                                        )   Time:  10:00 a.m.
                                          )   Courtroom:  G
20                                        )   Magistrate Judge Bernard Zimmerman
    _____)
21

22          Defendant Microdata GIS, Inc. respectfully requests that the Court take judicial notice of

23  the following documents pursuant to Rule 201 of the Federal Rules of Evidence:

24      1.     Order dated July 9, 2007, regarding microDATA GIS, Inc. v. Hubb Systems, LLC,

25             action filed in United States District Court for the District of Vermont, Case No. 2:07-

26             cv-108.

27      2.     Defendant Hubb Systems, LLC's July 2, 2007 Motion to Dismiss, microDATA GIS,

28             Inc. v. Hubb Systems, LLC, United States District Court, District of Vermont, Case No.

                                              1

1    2:07-cv-108 (Docket Entry 10; without exhibits).

2    Dated: July 12, 2007                          TERRA LAW LLP

3

4

5    By:    /s/ Breck E. Milde
              Breck E. Milde (Cal. State Bar No. 122437)
6             Attorneys for microDATA GIS, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1149844                                                     C07-02677 BZ

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MICRODATA GIS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS

# ATTACHMENT 1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MicroDATA GIS, Inc.,        :
      Plaintiff        :
                 :
      v.        :        Case No. 2:07-cv-108
                 :
Hubb Systems, LLC.,        :
      Defendant        :

<u>Order</u>
(Paper 6)

It is hereby ordered that this action is STAYED pending the resolution of the motions pending in the Northern District of California in Hubb Systems, LLC v. microDATA GIS, Inc., 3:07-cv-02677.

Dated at Burlington, in the District of Vermont, this 9th day of July, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

# ATTACHMENT 2

THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

- - - - - - - - - - - - - - - - - - - - - - - - -X
                                                  :
MICRODATA GIS, INC.,                              :
                                                  :
            Plaintiff,                            :        Civil Action No.        02:07-CV-108
                                                  :
v.                                                :
                                                  :
HUBB SYSTEMS, LLC,                                :
                                                  :
                                                  :
            Defendants.                           :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - -X


### DEFENDANT HUBB SYSTEMS, LLC'S MOTION TO DISMISS AND/OR TRANSFER AND INCORPORATED RESPONSE TO PLAINTIFF MICRODATA'S MOTION TO ENJOIN PROSECUTION OF LATER-FILED CALIFORNIA ACTION

NOW COMES Defendant Hubb Systems, LLC ("Hubb"), by and through its counsel Burak Anderson & Melloni, PLC, and hereby opposes the motion by microDATA GIS, Inc. ("microDATA") to enjoin the prosecution of an action filed by Hubb in the United States District Court for the Northern District of California. This declaratory judgment was filed by microDATA in the anticipation of Hubb's lawsuit, which lawsuit microDATA now seeks to enjoin. Hubb now moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(2) (personal jurisdiction) and 12(b)(3) (venue), or, in the alternative, moves to transfer this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

The declaratory judgment action filed by microDATA in this Court is not entitled to priority because it was filed in anticipation of Hubb's threatened trademark infringement lawsuit.

Further, this matter should be dismissed where (i) microDATA's has failed to set forth any facts in its Complaint or elsewhere that would demonstrate that Hubb is subject to personal jurisdiction in Vermont, (ii) venue in Vermont is improper pursuant to 28 U.S.C. § 1391(b), and (iii) the balance of interests weighs in favor of jurisdiction in the Northern District of California. In support of its Motion and Response, Hubb submits the following Memorandum of Law.

## MEMORANDUM OF LAW

### I.     Introduction

This matter arises out of microDATA's infringement of Hubb's well-known and federally registered mark "DATA911" – a mark that is federally recognized as "incontestable" under 15 U.S.C. §§ 1058 & 1065. The mark has been used by Hubb or its predecessors in interest since 1989. Hubb is a California limited liability company; microDATA is a Vermont corporation.[1] Both companies are direct competitors and market similar products to the public safety community.

On January 3, 2007, Hubb learned that, as of October 2006, microDATA had begun using the mark "microDATA 911" in the sale of its products, including registration of the mark as a domain name. By letter dated January 3, 2007, Hubb informed microDATA that its use of "microDATA 911" was a violation of Hubb's trademark and ordered microDATA to cease and desist using the mark or Hubb would commence legal action. *See January 3, 2007 Letter from Trice to microDATA,* attached as Exhibit A. By letter dated January 18, 2007, microDATA stated that it did no believe that the similarities between the marks would cause confusion in the marketplace and refused Hubb's demands. *See January 18, 2007 Letter from Nohl to Trice,* attached as Exhibit B. Hubb again responded by letter dated April 27, 2007, disputing

---

[1] Hubb is a California limited liability company with its principal place of business in Alameda, California. microData is a Vermont corporation with its principal place of business in St. Johnsbury, Vermont.

microDATA's conclusion and stating that unless it received assurance that microDATA would stop using the mark by May 10, 2007, it would commence legal action to protect its interests. *See April 27, 2007 Letter from Trice to Nohl*, attached as Exhibit C.

On May 10, 2007, microDATA responded by filing this declaratory judgment action ("Vermont action") seeking a declaration that microDATA is not violating Hubb's mark by using the "MICRODATA 911" and "MICRO911DATA" marks.[2]  Service of microDATA's Complaint on Hubb was not effectuated until May 24, 2007.  On May 21, 2007, Hubb filed a Complaint against microDATA in the United States District Court for the Northern District of California asserting, *inter alia*, trademark infringement ("California action").   In addition to its Complaint, Hubb has also filed a Motion for Preliminary Injunction in the California action seeking to prevent microDATA from further infringement of Hubb's registered mark.[3] A Copy of which is attached hereto as Exhibit E.   That motion is currently scheduled for hearing on August 1, 2007.

On June 14, 2007, microDATA filed a motion seeking to enjoin the pending proceeding in the Northern District of California.  The motion to enjoin should be denied because microDATA filed this action in anticipation of Hubb filing suit in California, where venue is proper.  Further, the substantive issues raised by microDATA in the Vermont action are already scheduled to be heard in the California action on August 1, 2007.  Substantial justice and judicial economy dictate that the California court should be allowed to consider the merits of this case on an expedited basis.

---

[2]  By letter dated May 10, 2007, microDATA notified Hubb that it has filed a declaratory judgment action in California because of Hubb's threatened lawsuit but invited further negotiations. *See Letter from Meier to Trice dated March 10, 2007*, attached as Exhibit D.

[3]  microDATA has filed a Motion to Dismiss in the California action on subject matter and personal jurisdictional grounds, and in the Vermont action has filed a Motion to Enjoin Prosecution of the Later-Filed California action.  In its respective filings, microDATA asserts that Hubb should be precluded from pursuing the California action based on the absence of jurisdiction over microDATA in California and because microDATA filed its related action first in Vermont.

3

Hubb now moves to dismiss the Vermont action, or in the alternative, stay or transfer this action to the Northern District of California on three grounds: (i) microDATA is not entitled to priority for its first-filed action because the Vermont action was filed in anticipation of Hubb's lawsuit, (ii) there is no factual basis for finding that Vermont has personal jurisdiction over Hubb, and (iii) venue in Vermont is improper.

The Northern District of California is the more appropriate venue for this litigation because a substantial part of the events giving rise to the claim occurred in the Northern District. Contrary to its assertions, Hubb believes that microDATA is subject to personal jurisdiction in the California courts based on its specific business activities directed toward that State. *See Declaration of Scott Beisner in Support of Plaintiff's Motion for Preliminary Injunction* ("*Beisner Declaration*"), attached hereto as Exhibit E.

## II.    Factual And Procedural Background

Hubb designs, manufactures and sells mobile hardware and software systems for public safety under the federal trademark "DATA911." It has done so since 1989. A copy of Hubb's website, which uses the mark is attached hereto as Exhibit G. Hubb's products are sold to a category of consumer that needs reliable and authentic products: public safety agencies. Hubb's full product line, sold under the mark, DATA911, includes mobile computing systems, digital video processing units, hand held devices, software programs including computer aided dispatch ("CAD") and automatic vehicle location ("AVL"), and customized systems.

Plaintiff, or its predecessors in interest, has consistently and continuously used the "DATA911" mark in commerce since 1989. In order to protect the extensive goodwill engendered by the mark, on March 12, 2002, Hubb sought and obtained federal registration of its mark, number 2,546,009. On May 24, 2007, this registration became incontestable under 15

U.S.C. §§ 1058 and 1065.  An incontestable status upon the Principal Register is <u>conclusive</u> <u>evidence</u> of the validity of the registered mark, of the registrant's <u>ownership</u> of the mark, and the registrant's <u>exclusive</u> right to use the registered mark. *See Lanham Act*, 15 U.S.C. § 1115(b).

Upon information and belief, microDATA has been in the business of selling mapping software and Internet Protocol (IP)-based data technologies and related services since 1983.  In 1993, microDATA began focusing exclusively on the public safety sector.  Until recently, microDATA had marketed its products under the mark "microDATA GIS." As of October 2006, however, microDATA began to incorporate 911 into its marks, using "MICRODATA 911" and "MICRO911DATA."  microDATA has not obtained federal registration for any of these marks.

In January 2007, Hubb learned that microDATA had changed its trade name and trademark from "microDATA GIS" to "MICRODATA 911" and was using this trade name and mark to identify its products and services.  Hubb also discovered that microDATA had registered the domain name "microdata911.com."  This domain name is in fact a portal site that attracts web traffic searching for "DATA911" and reroutes those users to microDATA's primary website, microdatagis.com.

Upon learning this information, Hubb immediately sent a letter, by and through its counsel, to microDATA demanding that microDATA discontinue any and all use of the name, trademark, and URL "microdata911." Hubb also demanded that microDATA assign to Hubb any registration it owned for the URL "microdata911" in the ".com" domain and any other domains. *See Letter from Trice to Nohl*, attached hereto as Exhibit A.

By letter dated January 18, 2007, microDATA rejected Hubb's demand asserting that it did not believe any similarities between the companies' respective marks were sufficient to trigger a violation of the Lanham Act, among others. *See Letter from Nohl to Trice*, attached

5

hereto as Exhibit B. In response to microDATA's refusal to cease using the mark, on April 19, 2007, Hubb filed Combined Declaration of Use and Incontestability Under Sections 8 and 15 (15 U.S.C. §§ 1058 and 1065) for its trademark registration number 2,546,009. On May 24, 2007, the Combined Declaration was accepted by the United State's Patent and Trademark Office. *See Declaration of Scott Beisner in Support of Plaintiff's Motion for Preliminary Injunction*, attached as Exhibit F.

By letter dated April 27, 2007, Hubb once again demanded that microDATA cease and desist using its "MICRODATA 911" and "MICRO911DATA" marks. *See Letter from Trice to Nohl*, attached as Exhibit C. The letter concluded with the following:

> I urge you to reconsider your position in light of these points and advise microDATA to discontinue using "microDATA911" immediately. Hubb is quite serious about this matter and intends to pursue it through legal action if we do not receive your company's agreement to discontinue use of the "microDATA911" mark or any confusingly similar mark (e.g., one including "data" and "911") no later than May 10.

*Id.* at p. 2.

By letter dated May 10, 2007, microDATA informed Hubb that it was rejecting Hubb's settlement demand and that "in an effort to reach a final resolution of this dispute as quickly as possible" it had by even date filed a declaratory judgment action in Vermont, which Complaint was served on May 24, 2007. *See Exhibit D.* Three days earlier, on May 21, 2007, Hubb filed the California action for, among other things, trademark infringement. On June 22, 2007, Hubb filed a motion for preliminary injunction in the California action.

Hubb now responds to microDATA's Motion to Enjoin and moves to dismiss the Vermont action based on the absence of personal jurisdiction and improper venue, or in the alternative, moves to stay or transfer this proceeding on the ground that the California action should be given primacy over the Vermont action.

6

III.    **Argument**

A.    **This Action Must Be Dismissed Where This Court Does Not Have Personal Jurisdiction Over Hubb.**

microDATA alleges without elaboration that Hubb has sufficient contacts with Vermont to establish jurisdiction under either a theory of general or specific jurisdiction. *See microDATA Complaint* at ¶ 6. On a motion to dismiss for lack of personal jurisdiction, microDATA bears the burden of showing that this Court has personal jurisdiction over Hubb. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). "In a federal question case where a defendant resides outside of the forum state, a federal court applies the forum state's personal jurisdiction rules 'if the federal statute does not specifically provide for national service of process. . . .'" *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1046 (2d Cir. 1990) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)). The Lanham Act does not provide for nationwide service of process, so this Court must look to Vermont jurisdictional law to determine personal jurisdiction. *See Greenlight Capital, Inc. v. GreenLight (Switz.) S.A.*, No. 04-CV-3136, 2005 U.S. Dist. LEXIS 2, at *7 (S.D.N.Y January 4, 2005) (citing *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004)).

Vermont's long-arm statute, 12 V.S.A. § 913(b), allows jurisdiction over defendants to the full extent permitted under the Due Process Clause of the United States Constitution. *See Microbrightfield, Inc. v. Boehringer*, No. 1:05-CV-244, 2006 U.S. Dist. LEXIS 17095, at *8 (D. Vt. Feb. 8, 2006) (citing *Dall v. Kaylor*, 163 Vt. 274, 658 A.2d 78, 79 (Vt. 1995)). Due process requires that an out of state defendant be subject to the personal jurisdiction of the court. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). For this Court to have personal jurisdiction over Hubb, microDATA must show that Hubb has had certain minimum

7

contacts with Vermont "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.*

The "constitutional touchstone" in determining whether an exercise of personal jurisdiction comports with due process remains whether the defendant purposefully established "minimum contacts" in the forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985). Minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state thus invoking the benefits and protections of its laws." *Id.* at 475. "Accordingly, jurisdiction usually is not proper unless the defendant 'actively initiate[s] contacts in the state' . . . or creates continuing obligations between itself and a Vermont resident." *Anichini, Inc. v. Campbell*, No. 1:05-CV-55, 2005 U.S. Dist. LEXIS 43271, at *2 (D. Vt. Aug. 30, 2005) (quoting *Ben & Jerry's Homemade, Inc. v. Coronet Priscilla Ice Cream Corp.*, 921 F. Supp. 1206, 1209 (D. Vt. 1996)).

"A plaintiff who asserts "general jurisdiction" must show that the defendant's contacts with a state are 'substantial' or 'continuous and systematic,' even if those contacts are unrelated to the cause of action that plaintiff seeks to bring. . . . When . . . a plaintiff asserts specific personal jurisdiction over a defendant, constitutional due process requires that the defendant have minimum contacts necessary for the defendant to have reasonably anticipated being haled into court there." *The Staywell Co. v. Wang*, No. 06-CV-1726, 2006 U.S. Dist. LEXIS 60363, at *5 (E.D. Pa. Aug. 25, 2006) (quoting *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 201 (3d Cir. 1998)) (internal citations omitted).

The Complaint filed by microDATA fails to identify any factual basis that would provide this Court with personal jurisdiction over Hubb, either general or specific. *MoneyGram Payment Sys. v. Consorcio Oriental, S.A.*, No. 05-CVv-10773, 2007 U.S. Dist. LEXIS 37374, at * 7

8

(S.D.N.Y. 2007) ("On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant.")  The cease and desist letters to microDATA, standing alone, are insufficient to confer specific jurisdiction over Hubb. *See The Staywell Co.*, 2006 U.S. Dist. LEXIS 60363, at *4 (stating that "[a]lmost every court that has considered the issue has held that "cease-and-desist" letters, standing alone, are insufficient to confer personal jurisdiction.").

Like microDATA, Hubb maintains a web presence, but the website is passive and does not specifically reach out to Vermont residents or solicit business in Vermont. *See Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04-CV-5238, 2005 U.S. Dist. LEXIS 12397, at *18-21 (S.D.N.Y. 2005) (use of "passive" web site does not subject company to personal jurisdiction). To the extent that Hubb received inquiries from Vermont residents regarding its products and services, these inquiries, without more, would not be insufficient to establish minimum contacts.

Accordingly, Plaintiff has failed to set forth facts in its Complaint that would establish jurisdiction over Hubb, and, absent a showing by Plaintiff facts that would provide jurisdiction over Hubb, the declaratory judgment action should be dismissed.

**B.    Hubb's Action Filed In The Northern District Of California Should Be Given Priority Where MicroDATA's Vermont Action Was Filed In Anticipation Of Litigation.**

This Court should give priority to the California action because microDATA filed the declaratory judgment action in anticipation of a suit brought by Hubb, and it knew or should have known that there was no basis for asserting personal jurisdiction or venue over Hubb in Vermont.  While a first-filed action would ordinarily be given priority over an after-filed action, case law is clear that priority will not be given to the first-filed action where a litigant files a preemptive, and possibly premature, cause of action after receiving notice of a threatened

lawsuit. Allowing the suit to proceed in Vermont will encourage forum shopping and the premature filing of litigation simply in order to obtain a more convenient forum.

The first-filed rule is well-settled in the Second Circuit.[4] "[W]here proceedings involving the same parties are pending simultaneously in different federal courts the first-filed of the two takes priority absent 'special circumstances' or a balance of convenience in favor of the second." *Pharmaceutical Resources, Inc. v. Alpharma USPD Inc.*, No. 02-CV-1015, 2002 U.S. Dist. LEXIS 8549, at *6 (S.D.N.Y. May 13, 2002) (quoting *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555 (S.D.N.Y. 2000)). The court in which the first-filed action is brought determines which forum will hear the case.[5] *Schnabel v. Ramsey Quantitative Systems, Inc.*, 322 F. Supp. 2d 505, 510-11 (S.D.N.Y. June 25, 2004) (quoting *MSK Ins., Ltd. v. Employers Reinsurance Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002)); *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995) ("Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies.").

Special circumstances are present when the first suit was filed as a result of forum shopping or when the first suit was a result of an "anticipatory filing." *Ramsey*, 322 F. Supp. 2d at 511. "The Second Circuit recently summarized the law regarding 'special circumstances' relative to a declaratory judgment actions explaining that a declaratory judgment action is considered 'anticipatory' if filed in response to a demand letter specifically threatening litigation,

---

[4] In its Motion to Dismiss the California action, California counsel for microDATA asserts that the first-filed rule impacts a Court's subject matter jurisdiction. This is incorrect. The "first-filed" rule is a matter of judicial comity and does not impact a Court's subject matter jurisdiction. *See Gadi Schnabel v. Ramsey Quantitative Systems, Inc.*, 322 F. Supp. 2d 505, 509-10 (S.D.N.Y. June 25, 2004) (first to file rule applied where court's have concurrent jurisdiction over an action); *see also Elbex Video, Ltd. v. Tecton, Ltd.*, No. 00-CV-0673, 2000 U.S. Dist. LEXIS 16531 (S.D.N.Y. Nov. 14, 2000) (first-to-file rule is a matter of comity).

[5] As such, microDATA's motion to dismiss on the basis of the first-to-file rule is inappropriately filed in the Northern District of California. The Second Circuit's rule also appears to be the rule in the Court of Appeals for the Ninth Circuit as well. *See Best W. Int'l v. Mahroom*, No. CV 07-827, 2007 U.S. Dist. LEXIS 32969 (D. Ariz. May 3, 2007) ("the court with the first-filed action should weigh the balance of convenience").

but is not anticipatory where it is in response to a negotiation letter. . . ." *Id.*; *see also CGI Solutions, LLC v. Sailtime Licensing Group, LLC*, No. 05-CV-4120, 2005 U.S. Dist. LEXIS 28878, at *9-10 (S.D.N.Y. Nov. 17, 2005) ("Courts in this circuit have held that when a party sends a notice-of-suit letter to its opponent, and the opponent thereby files a declaratory judgment action, there is reason to find that the first-filed action is an anticipatory filing."); *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *cert. denied*, 440 U.S. 908 (1979). "To put a party on notice of a forthcoming lawsuit, a letter to a party must state 'the intention to file suit, a filing date, and/or a specific forum for the filing of the suit." *Pharmaceutical Resources*, 2002 U.S. Dist. LEXIS 8549, at *9 (quoting *J. Lyons & Co. v. Republic of Tea*, 892 F. Supp. 486, 491 (S.D.N.Y. 1995)).

In this case, Hubb sent a letter dated January 3, 2007, to microDATA stating its intention to sue. microDATA responded by letter dated January 18th stating that it did not believe its use of the mark caused confusion or was, in any way, a violation of federal or common law. Hubb responded to the January 18th letter in two ways. First, it bolstered the strength of its mark by initiating certain filings with the United States Patent Office. Second, it sent another letter dated April 27, 2007 to microDATA indicating that it rejected microDATA's explanation and reiterating that it "intended to follow through with legal action if it did not receive an agreement from microDATA to discontinue use of the "microDATA911" mark or any confusingly similar mark . . . no later than May 10."*See Exhibit C*. microDATA apparently concluded that Hubb was serious about its intention to file suit and, in response to the letter, filed this declaratory judgment action on May 10th, just prior to the expiration of the deadline imposed by Hubb. Hubb filed its lawsuit approximately one month after its cease-and-desist letter 12 days after

11

microDATA filed its action in Vermont, and three days before it was served with the Vermont summons.

Courts routinely give primacy to the after-filed action under facts similar to this case. For example, in *CGI Solutions, LLC v. SailTime*, No. 05-CV-4120, 2005 U.S. Dist. LEXIS 28878 (S.D.N.Y. Nov. 17, 2005), the Southern District of New York ruled that the plaintiff's declaratory judgment action was an anticipatory lawsuit and gave priority to the after-filed action in the Western District of Texas. In that case, SailTime sent a letter, dated April 5, 2005, to CGI Solutions demanding that it cease and desist as to certain conduct and threatened that it would pursue "all civil remedies" if CGI Solutions did not cease its actions. *Id.* at *5. On April 26, 2005, CGI Solutions filed a declaratory judgment action against SailTime in New York. Thereafter, on May 3, 2005, SailTime filed suit against CGI Solutions in Texas. SailTime moved to dismiss the declaratory judgment action, and CGI Solutions moved to enjoin SailTime from pursuing the Texas action. *Id.* at *8.

In dismissing the declaratory judgment action, the District Court observed that SailTime's letter put CGI Solutions on notice of its intent to sue:

> [w]hile SailTime's letter did not outright announce that it would be filing suit by a particular date, it bore greater resemblance to the notice of suit letter in Factors, Etc. than to the letter in Employees Insurance. In Factors Etc., the Second Circuit deemed sufficient a notice-of-suit letter that stated that the opposing party would be 'subject to a lawsuit for injunctive relief, damages and an accounting' unless they discontinued sales of the infringing product . . . whereas in Employers Insurance, the district court found that a letter asserting merely that the party "hoped to avoid litigation" did not warn the opposing party of the specter of litigation. . . .

*Id.* at *12. In considering other circumstances warranting dismissal, the district court observed that the filing of a complaint rather than an order to show cause or preliminary injunction

suggested that SailTime was forum shopping rather than seriously seeking to adjudicate its rights. *Id.* at *14.

In another case, *Utica Mutual Insurance Co. v. Computer Sciences Corp.*, No. 5:03-CV-0400, 2004 U.S. Dist. LEXIS 917 (N.D.N.Y. January 23, 2004), the district court also ruled that a first-filed declaratory judgment action should be dismissed. In that case, on February 20, 2003, Computer Sciences Corp. ("CSC") sent Utica Mutual a letter demanding payment of an outstanding balance on an account and threatening to pursue all available options, including, but not limited to, possible legal action against Utica to recover the amount. *Id.* at *5. Utica Mutual did not respond to the letters, but instead filed a declaratory judgment action on March 4, 2003, in the Northern District of New York. *Id.* at *5 n.1. On May 6, 2003, two months after the New York action was commenced, CSC commenced suit against Utica in the Western District of Texas. CSC thereafter moved to dismiss the New York action.

In granting the motion to dismiss, the district court considered the anticipatory suit exception to the first-to-file rule. The Court observed that "CSC's letter is a clear indication that it had a firm intention to commence an action against Utica Mutual if it did not pay. As Utica Mutual filed their action against CSC less than two weeks after receiving the letter, without engaging in any further correspondence, it raced to the courthouse first, in anticipation of CSC's. threatened lawsuit." *Id.* at *10.

Like the plaintiffs in the above-referenced cases, microDATA filed this declaratory judgment action in anticipation of a pending lawsuit by Hubb. Hubb's intention to file suit was clearly set forth in its April 27, 2007 letter, and it filed suit within 30 days after notice to microDATA without further communication. It is also patently clear that microDATA's Vermont action was filed in anticipation of Hubb's action where microDATA filed the Vermont

action prior to the deadline imposed by Hubb in its April 27th letter.  In the May 10th letter, counsel for microDATA stated that:

> microDATA feels that there is some real possibility that Hubb may not approach this matter with a spirit of compromise.  Your threats of litigation create this concern.  Also, we have observed that you recently have taken action on behalf of Hubb in the USPTO to shore up Hubb's trademark position, quite possibly in preparation for litigation.  In an effort to reach a final resolution of this dispute as quickly as possible, microDATA today filed a Declaratory Judgment action in U.S. District Corut in the District of Vermont. . . .

*See Letter from Meir to Trice, dated May 2,* 2007, attached as Exhibit D.  Clearly, these additional filing with the Patent Office signaled to microDATA that suit by Hubb was imminent.

Based on the timing of the filing, microDATA's Vermont action was filed so as to beat Hubb to the punch.  microDATA's willingness to delay service for forty-five (45) days, coupled along with its decision to file a Complaint, rather than an order to show cause or preliminary injunction action, demonstrate that the primary purpose for filing the action in Vermont was forum selection, not adjudication of the issues between the parties.

Accordingly, consistent with the practice in the Second Circuit, this Court should dismiss the Vermont action because it was filed in anticipation of Hubb's litigation.

## C.     The Court Should Dismiss This Action Because Vermont Is Not The Appropriate Venue For MicroDATA's Declaratory Judgment Action.

microDATA's declaratory judgment action should be dismissed because venue is improper in Vermont.  Venue in trademark and unfair competition cases is governed by 28 U.S.C. § 1391(b).  Under § 1391(b) venue is proper only in the following judicial districts: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claim occurred; or (3) where any defendant may be found if the action may not be brought in any other district. 28 U.S.C. § 1391(b). *Cartier v. Micha, Inc.,* No. 06-CV-4599, 2007 U.S. Dist. LEXIS 29785, at *8-9 (S.D.N.Y. April 20, 2007) (internal

quotations omitted). "On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper. . . . Absent a formal hearing on the motion, a plaintiff need only make a prima facie showing of venue to defeat the motion. . . . All facts must be construed in a light most favorable to the plaintiff. . . . In ruling on the motion the court may rely on facts and consider documents outside the complaint." *Id.* at *7-8 (internal citations omitted).

In this case, the only basis upon which microDATA could rely for venue in Vermont would be its claim that a substantial part of microDATA's infringing activities that give rise to the claim occurred in Vermont. However, "[c]laims in trademark infringement and unfair competition cases arise 'not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's.'" *Id.* at *9 (quoting *G.R.C. Fashions, Ltd. v. Goody's Family Clothing, Inc.*, No. 97-CV-0730, 1998 U.S. Dist. LEXIS 1989, at *2 (S.D.N.Y. Feb. 24, 1998).

As a Defendant, Hubb is a California company with only one identified Vermont customer in its history. There is simply no evidence that a "substantial part of the events giving rise to the claim" occurred in Vermont. Conversely, Hubb has high visibility in Northern California where a substantial number of its clients are located and where the risk of deception and confusion to customers is quite high. Contrary to the Declaration filed in support of microDATA's motion to dismiss the California action, microDATA's own website demonstrates that it is currently targeting the California market where, even this week, it is attending a trade show in San Diego. *See* copy of microDATA's website, attached as Exhibit D. If microDATA's true intention was to resolve its legal issues with Hubb, rather than forum shop, it would have

15

filed this declaratory judgment action in the Northern District of California, where Hubb resides. It cannot seriously claim that Vermont has any substantive connection to the litigation at issue.

Accordingly, microDATA's declaratory judgment action should be dismissed for improper venue.

**D.    Alternatively, This Court Should Consider Transfer Of The Matter Pursuant To 28 U.S.C. § 1404(a).**

In the event this Court is not inclined to dismiss this action, it should be transfer this matter to the Northern District of California pursuant to 28 U.S.C. § 1404(a), where the California action is further along and the Court has scheduled a hearing on all the issues between the parties on August 1st.

"District courts have discretion to transfer a civil case to another district if transfer would be in the interest of justice and benefit the convenience of the parties and witnesses." *Kwik Goal, Ltd. v. Youth Sports Publishing Inc.*, No. 06-CV-395, 2006 U.S. Dist. LEXIS 34460, *3 (S.D.N.Y. May 31, 2006) (internal quotation marks omitted). "A two-step inquiry is required. First, courts establish whether the case could have been filed in the transferee district and if so, determine whether the convenience and the interests of justice favor transfer." *Id.* Courts consider the following in making this determination: (1) plaintiff's choice of forum, (2) location of operative facts, (3) convenience of parties and witnesses, (4) location of documents and ease of access to sources of proof, (5) relative means of the parties, (6) forum's familiarity with the governing law, (7) trial efficiency, and (8) the interests of justice. *Id.* at *3-4.

Plaintiff's choice of forum should not be given preference where it was filed in anticipation of suit by Hubb in California, and where the case does not have a material or significant nexus with Vermont. Hubb has moved vigorously and aggressively to prosecute this action in California where it maintains a significant market presence. Venue is appropriate in

16

the Northern District of California where microDATA's conduct has the potential to cause significant confusion and harm.

There is no dispute that this declaratory judgment action could have been filed in the Northern District of California where Hubb resides. The declaratory judgment action seeks only to resolve the trademark infringement action, while the California Complaint and Motion for Preliminary Injunction address not only the infringement action but also include counts alleging violations of section 43(a) of the Lanham Act, Cybersquatting, and Unfair Competition. Accordingly, a speedy and efficient resolution of this entire dispute is more likely to occur in the California action where venue is beyond dispute.

Accordingly, absent willingness of this Court to dismiss this action, Hubb asks this honorable Court to exercise its discretion and transfer this matter to the Northern District of California.

## CONCLUSION

For all the foregoing reasons, Hubb asks that this honorable Court grant its motion dismissing this action for lack of personal jurisdiction and improper venue. Hubb further seeks dismissal based on the anticipatory suit exception to the first-to-file rule. Finally, to the extent the Court is not inclined to dismiss this action, Hubb asks that the matter be stayed, or transferred to the Northern District of California so that microDATA may not use this action to interfere with the California action.

Respectfully submitted,

Dated: July 2, 2007                    BURAK ANDERSON & MELLONI, PLC

                    By:    _____
                           Michael L. Burak
                           W. Scott Fewell
                           30 Main Street, P.O. Box 787
                           Burlington, VT  05402-0787
                           802/862-0500
                           Attorneys for Defendant Hubb Systems, LLC.

18