Breck E. Milde (Cal. State Bar No. 122437)
bmilde@terra-law.com
Mark W. Good (Cal. State Bar No. 218809)
mgood@terra-law.com
Terra Law LLP
177 Park Avenue, Third Floor
San Jose, CA 95113
Tel: (408) 299-1200
Fax: (408) 998-4895

R. Prescott Jaunich (Cal. State Bar No. 164390)
sjaunich@drm.com
Downs Rachlin Martin PLLC
199 Main Street, P.O. Box 190
Burlington, VT 05402
Tel: 802-863-2375
Fax: 802-862-7512

Counsel for Defendant microDATA GIS, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUBB SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>microDATA GIS, INC.,<br><br>    Defendant. | Case No. C07-02677 BZ<br><br>**DEFENDANT microDATA GIS, INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO RESCHEDULE PRELIMINARY INJUNCTION HEARING DATE**<br><br>Date: August 1, 2007<br>Time: 10:00 a.m.<br>Courtroom: G<br>Magistrate Judge Bernard Zimmerman |

    Defendant microDATA GIS, Inc. ("microDATA") hereby opposes plaintiff Hubb Systems, LLC's ("Hubb") ex parte motion to reschedule the hearing date for its preliminary injunction. As a preliminary matter, Hubb's motion is essentially a motion for reconsideration, given that the court ruled on this very issue, just five days before Hubb filing the instant ex parte motion. Hubb's motion is based on the fact that the companion action in the Vermont court has been stayed pending resolution of the motion to dismiss filed in this court. This is the entire basis for Hubb's motion. Hubb does not address

1149831                              1                              C07-02677 BZ

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO RESCHEDULE
PRELIMINARY INJUNCTION HEARING DATE**

the primary purpose that the hearing date on Hubb's motion for a preliminary injunction was extended in the first place, to wit, a determination on the pending motion to dismiss. As previously briefed in microDATA's motion to extend the hearing date, denying Hubb's motion will promote judicial economy and avoid unnecessary expense, as the decision on microDATA's prior-filed motion to dismiss could make Hubb's later-filed motion entirely moot. The possibility of action by the District of Vermont was simply an additional, supplemental reason to extend the date.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

microDATA filed a lawsuit in the District of Vermont against Hubb on May 10, 2007, and provided Hubb with notice of that lawsuit on the same day. Eleven (11) days later, on May 21, 2007, Hubb filed the instant lawsuit against microDATA in this Court involving identical parties and issues. Hubb did not file a Notice of Pendency of Other Action regarding the prior-filed Vermont action, as required by Civil Local Rule 3-13.

On June 11, 2007, microDATA filed a motion to dismiss in this Court based on the first-to-file rule and on lack of personal jurisdiction, with a hearing on its motion scheduled for August 1, 2007.

On June 22, 2007, without responding in any way to the prior-filed and pending microDATA motions in California or Vermont, Hubb filed a motion for a preliminary injunction against microDATA, scheduled for hearing on the same day as microDATA's previously-filed motion to dismiss.

### II. PLAINTIFF WILL SUFFER NO HARM WITH THE CURRENT HEARING SCHEDULE

Because (1) Hubb was on notice of microDATA's existence as early as January 3, 2007;[2] (2) Hubb did not seek to obtain a preliminary injunction against microDATA until more than five months later, and (3) once Hubb finally did file its motion for preliminary injunction, it did not seek

---

[1] microDATA incorporates herein by reference Defendant microDATA GIS, Inc.'s Reply in Support of its Motion to Dismiss.

[2] See Declaration of Mark Good ("Good Dec."), ¶ 2, Exhibit A; Plaintiff's Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction, page 3, line 25.

to schedule a hearing on its motion until August 1, 2007, Hubb cannot reasonably argue that it is in any danger of immediate and irreparable injury should the hearing on its motion remain as scheduled, on September 6, 2007. "[A] preliminary injunction is a drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Technology*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). The real question here regarding any alleged harm to Hubb is, if Hubb thought that this "drastic action" was really necessary, why did it wait at least 5-6 months later to take any action, and when it did take action (in apparent response to microDATA's earlier filed action in Vermont) why did it not file its motion for a preliminary Injunction until *after* microDATA filed its motion to dismiss? Clearly, even Hubb does not think that it is subject to any irreparable harm, otherwise it would have taken more timely action. This is especially true since it has had the counsel of able and skilled attorneys on this matter since at least January 3, 2007. There is simply no reasonable argument Hubb can make to justify rescheduling its preliminary injunction hearing date to a date only 35 days earlier, when microDATA's motion to dismiss will be heard.

Keeping the current hearing date on Hubb's motion will, on the other hand, promote judicial economy as neither the Court nor the parties will be required to prepare for a motion that may be rendered entirely moot if microDATA's pending motion to dismiss in this Court is granted.

### III. SUBJECT MATTER AND PERSONAL JURISDICTION ARE IN DISPUTE

Pursuant to microDATA's pending motion to dismiss, both subject matter (first-to-file-rule) and personal jurisdiction are being disputed. A party seeking injunctive relief in federal court must first establish the court's subject matter jurisdiction. Rule 65 merely provides the procedure for obtaining injunctive relief; it is not an independent basis for federal jurisdiction. *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1109 (9th Cir. 1982); *United States v. Cohen*, 152 F.3d 321, 324 (4th Cir. 1998). When a defendant raises a jurisdictional challenge, a preliminary injunction will not be granted unless plaintiff establishes a reasonable probability that jurisdiction exists. A prima facie showing is not enough. Rather, a "plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits." *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985); *Savoie v. Merchants Bank*, 84 F.3d 52, 57 (2d Cir. 1996).

> Because Rule 65 confers no jurisdiction, the district court must have both subject matter jurisdiction and "in personam jurisdiction over the party against whom the injunction runs," and, when that party is the defendant, this "implies either voluntary appearance by him or effective service of process." The "district court has no power to grant an interlocutory or final injunction against a party over whom it has not acquired valid jurisdiction," and an order granting an interlocutory injunction in these circumstances "is erroneous as a matter of law."

*Enterprise* at 470. Plaintiff has not made such a showing of this Court's jurisdiction and is simply asking the Court to rule on the motion for preliminary injunction irrespective of the motion to dismiss. As such, these issues should be resolved prior to the briefing or hearing on Plaintiff's motion for preliminary injunction, as is currently scheduled by the Court.

### IV. REPRESENTATIONS TO COURT REGARDING MEET AND CONFER EFFORTS BY HUBB ARE MISLEADING

Although the declaration in support of Hubb's ex parte motion is technically accurate, based on the facts, it is misleading at best. The Declaration of William E. Adams filed in support of Hubb's motion states in paragraph 5:

> On July 10, 2007, I called Mark Good, Esq., counsel for microDATA in California and left him a voicemail message asking him to stipulate to moving the preliminary injunction hearing date back to August 1, 2007. I have received no response to this phone call.

What counsel conveniently omits from this declaration is the fact that Mark Good's ("Good's") voice mail greeting stated that he was out of the county, and *out of the office in trial until July 23rd*. Hubb knew from calling Good's voice mail that there would be no response before July 23rd. Hubb also did not make any attempts to contact Good's secretary as indicated in Good's voice mail greeting, nor did Hubb attempt to contact Breck Milde at Terra Law LLP[3] before filing the instant ex parte motion the very next day on July 11, 2007.

### V. PREVIOUS TIME MODIFICATIONS / EFFECT ON CASE SCHEDULE

This ex parte motion by Hubb seeks to reverse the Court's decision on July 6, 2007 to hear and decide microDATA's earlier filed motion to dismiss before briefing and hearing Hubb's motion for a preliminary injunction. The effect of granting Hubb's motion to reschedule would be to unnecessarily accelerate the briefing schedule for defendant microDATA and the Court, and

---

[3] See Good Dec., ¶¶ 3-7.

would require potentially unnecessary preparation and briefing required for Hubb's preliminary injunction hearing, given the fact that microDATA's currently pending motion to dismiss may render Hubb's motion for preliminary injunction moot. (*See* microDATA GIS, Inc.'s Reply in Support of Its Motion to Dismiss, Good Dec. ¶8, Exhibit B.)  Hubb's ex parte motion is without justification, and contrary to the Court's earlier ruling.  It makes sense to maintain the current hearing and briefing schedule, which properly places microDATA's motion to dismiss in this Court before Hubb's hearing for a preliminary injunction, which may be rendered entirely moot.

## VI.   CONCLUSION

For the reasons stated above, microDATA respectfully requests that the Court deny Hubb's motion to reschedule the hearing date on Hubb's motion for preliminary injunction, pending a ruling on microDATA's prior-filed motion to dismiss.

Dated: July 12, 2007                                       TERRA LAW LLP


                                                     By:   /s/ Mark W. Good
                                                           Mark W. Good
                                                           Attorneys for Defendant microDATA GIS, Inc.