# **TENTATIVE RULING**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HUBB SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C07-2677 BZ |
| | ) | |
| v. | ) | **ORDER DENYING MICRODATA** |
| | ) | **INC.'S MOTION TO DISMISS** |
| MICRODATA GIS, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

Before me is defendant microDATA, Inc.'s motion to dismiss for lack of jurisdiction.[1] microDATA argues that the "first-to-file rule" requires me to dismiss this action or, at least, to stay or transfer it to the District of Vermont. Alternatively, microDATA asserts that this Court lacks personal jurisdiction over it. For the reasons discussed, microDATA's motion is **DENIED**.

In its complaint, plaintiff Hubb Systems, LLC, alleges that microDATA has violated, and continues to violate, federal

---

[1]    All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

# TENTATIVE RULING

and state law laws by infringing on its "Data911" mark,
falsely designating the origin of its products,
cybersquatting, and engaging in unfair competition.  In
particular, Hubb alleges that microDATA's "microData911" mark
is confusingly similar to the Data911 mark and is therefore
likely to cause mistake, confusion, or deception in the minds
of customers, potential customers, and the public at large.
Hubb relatedly alleges that microDATA registered the domain
name microdata911.com in bad faith and with the intent to
profit on its similarity to Hubb's data911.com.

The record discloses that on January 3, 2007, Hubb sent a
letter to microDATA asking it immediately to discontinue use
of the microDATA 911 mark.  microDATA responded in a January
18 letter denying wrongdoing, and Hubb rejected its assertions
three months later in a letter dated April 27, 2007.  See
Heinrich Decl. at ¶¶ 5-8, Exhs. A-C.  On May 10, microDATA
sued Hubb in the District of Vermont seeking a declaration of
non-infringement and acknowledgment of microDATA's superior
rights to its mark.  On May 21, 2007 Hubb filed this action.
Id. at ¶ 10, Exh. D.  microDATA promptly moved the Vermont
court to enjoin this action.  Instead, that court stayed the
Vermont proceedings pending the resolution of the motions
pending here.[2]

---

[2]    Defendant microDATA requested this court to take
judicial notice of the Order dated July 9 filed in United
States District Court for the District of Vermont, Case No.
2:07-cv-108, and of Hubb's Motion to Dismiss filed in Vermont
Court and dated July 2, 2007.  Having received no opposition
from Hubb, I take judicial notice of these documents.

1

# TENTATIVE RULING

2    The first-to-file rule is a rule of federal comity that

3 permits district courts to decline jurisdiction if a complaint

4 involving the same issues and parties has been filed

5 previously in another district.  Pacesetter Systems, Inc. v.

6 Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982); see also

7 Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097

8 (N.D. Cal. 2006).  At the district court's discretion, it may

9 transfer, stay, or dismiss the duplicative action.  Alltrade,

10 Inc., v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir.

11 1991).  Exceptions to the first-to-file rule include suits

12 filed in bad faith, in anticipation of imminent litigation, or

13 as an attempt to forum shop.  Id. at 625.  Generally, the

14 first-forum court determines whether exceptions apply.

15 Pacesetter, supra, 678 F.2d at 96.  Intuitive Surgical v.

16 California Institute of Technology, 2007 WL 1150787, at *7

17 (N.D. Cal).

18    Here, however, the Vermont court stayed its first-filed

19 action with microDATA's motion to enjoin before it and with

20 full knowledge that microDATA's motion to dismiss raises the

21 first-to-file issue before this Court.  I read the Vermont

22 court's decision to stay itself as essentially deferring to

23 this Court to resolve the dispute.  Because the Vermont court

24 stayed itself, the principle of comity has been satisfied and

25 is no longer an obstacle to this action.  I therefore decline

26 to invoke the first-to-file rule, and will consider the

27 remainder of microDATA's arguments for dismissal.

28    microDATA next contends that this Court lacks personal

3

# TENTATIVE RULING

jurisdiction since it is a Vermont corporation with very little contact with California.  Hubb argues that this court has specific jurisdiction over microDATA primarily due to the harmful effects on Hubb of microDATA's actions in California.  These harmful effects arise from microDATA's appearance at multiple trade shows in California and microDATA's website, which lists upcoming trade shows and invites browsers to visit them.

California's long arm statute, Cal. Code Civ. P. § 410.10, allows the exercise of federal jurisdiction on any basis provided under the federal constitution.  Under Ninth Circuit law, specific jurisdiction  lies if: 1) the defendant has performed acts or consummated transactions within the forum, purposefully availed themselves of the privileges of the forum, or purposefully directed activities toward the forum; 2) the claim arises out of the defendant's forum-related activities; and 3) jurisdiction is reasonable.  <u>See</u> <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1155 (9th Cir. 2006); <u>Bancroft & Masters v. August Nat'l Inc.</u>, 223 F.3d 1082, 1086 (9th Cir 2000).

Even where there is no evidence of sales or transactions in a forum, purposeful activities resulting in harmful effects within the forum may provide the basis for jurisdiction.  <u>See</u> <u>Calder v. Jones</u>, 465 U.S. 783 (1984).  The <u>Calder</u> effects test satisfies the "purposeful availment" prong if: 1) the defendant committed an intentional act 2) which was expressly aimed at the forum state and 3) caused harm "the brunt of

4

# TENTATIVE RULING

which the defendant knows is likely to be suffered in the

forum state." <u>Bancroft</u>, 223 F.3d at 1087.

Finally, where the jurisdictional question is decided on

the papers and prior to jurisdictional discovery, the

plaintiff need only present a *prima facie* showing of

jurisdictional facts.  <u>Doe v. Unocal</u>, 248 F.3d 915, 922 (9th

Cir. 2001).  In determining whether the plaintiff has met this

burden, the court must accept uncontroverted allegations in

the complaint as true, even if unsupported by any evidence in

the record before the court.  <u>See</u> <u>AT&T Co. v. Compagnie</u>

<u>Bruxelles Lambert</u>, 94 F.3d 586, 588 (9th Cir. 1996).

On the record before me, I conclude that Hubb has met its

burden.  Specifically, microDATA is alleged to have knowingly

and willfully adopted the use of a mark that is confusingly

similar to Hubb's mark in an attempt to profit from Hubb's

widely and favorably recognized trade name and mark.

Complaint at ¶¶ 11-18.  microDATA and Hubb's products are

allegedly similar in functionality, Complaint at ¶ 9, and

compete for the same business.  <u>See</u> Complaint at ¶ 3; Newton

Decl. ¶¶ 4-6.  MicroDATA is alleged to have attended several

trade shows in California, and to have advertised its

microDATA911 mark in the process.[3]  Complaint at ¶ 3; Newton

Decl. ¶¶ 3-5.  microDATA also directed several letters to

---

[3]    Although microDATA suggests that the trade shows it attends are aimed primarily at national and not California audiences, <u>See</u> microDATA's Reply at 7, there is little evidence to support this assertion.  Moreover, microDATA admits that it has fielded inquires from a "potential customer in California." Heinrich Supp. Decl. ¶ 4.

# TENTATIVE RULING

Hubb, suggesting knowledge of Hubb's California base.

Moreover, Hubb alleges that microDATA has acted in bad faith by adopting a domain name – "microdata911.com" – that is confusingly similar to Hubb's existing domain name, "data911.com". Complaint at ¶¶ 20, 22. Although microDATA insists that its website is passive and does not target California residents, Heinrich Decl. at ¶ 17, it is undisputed that it has used its website to advertise its appearances at trade shows in California. See Newton Decl. ¶¶ 4, 5. Finally, Hubb contends that the effects of microDATA's actions will be borne in large part by Hubb in California. See Hubb's Opp. at 14; Complaint at ¶¶ 2, 16, 18, 23, 27. Insofar as Hubb's base of operations is in Alameda, California, Complaint at ¶ 2, the locus of the effects that would flow from microDATA's alleged infringement at the California trade shows will largely be borne in California. See Autodesk, Inc. v. RK Mace Engineering, Inc., 2004 WL 603382, at *6 (N.D. Cal. 2004).

microDATA, a Vermont corporation, contends that it has no offices, facilities, bank accounts, licenses, or mailing addresses in California. See Heinrich Decl. ¶¶ 3, 14-16. It also contends that it has never consummated a sale in California. Heinrich Supp. Decl. ¶ 3. On a *prima facie* level, however, the record demonstrates that microDATA has purposefully availed itself of the privilege of conducting business in California by intentionally and expressly aiming allegedly unlawful activities at California, where the brunt

# TENTATIVE RULING

of the harm will be borne by Hubb in California.  <u>See</u> <u>Rio</u>
<u>Properties, Inc. v. Rio Intern. Interlink</u>, 284 F.3d 1007,
1019-21 (9th Cir. 2002) (affirming the district court's
partial reliance on defendant's forum-targeted advertisements
in applying <u>Calder</u>); <u>see also</u> <u>Autodesk, Inc.</u>, 2004 WL 603382,
at *5-*6 (applying the <u>Calder</u> effects test in the context of
copyright infringement).

Nor can there be any doubt that Hubb's claims arise, at
least in part, from microDATA's forum-related activities.
<u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 780 (1984)
(noting that jurisdiction may be present where the cause of
action arises out of activity occurring at least partially in
the forum state).  As already discussed, Hubb alleges that
microDATA has advertised its infringing mark on its website
and at trade shows in California.  Hubb's claims arise in part
from microDATA's allegedly unlawful activities occurring
within California.

Jurisdiction over microDATA in this Court is also
reasonable.  When defendants have been shown to purposefully
direct activities toward the forum state, "there is a
presumption of reasonableness that the defendant bears the
burden of overcoming by presenting a compelling case that
jurisdiction would be unreasonable."  <u>Columbia Pictures v.</u>
<u>Krypton Broadcasting</u>, 106 F.3d 284, 289 (9th Cir. 1997)
(internal citations omitted).  A seven-factor test guides a

# TENTATIVE RULING

court's determination of reasonableness.[4]

microDATA has traveled to California multiple times to attend trade shows.  Moreover, microDATA has obtained counsel in California through the San Jose-based Terra Law, LLP. Jurisdiction is not rendered unreasonable simply because pursuit of the action may necessitate some travel by microDATA.  See Burger King v. Rudzewicz, 471 U.S. 462, 474 (1985) (noting that the advance of modern technology has lessened the burden of long-distance travel and communication).  Hubb has included allegations in its complaint not present in microDATA's Vermont suit, suggesting that the pursuit of this action will lead to a more complete and efficient resolution of the issues between the parties. Given the nature of Hubb's allegations and microDATA's contacts with California, California has a clear interest in adjudicating the dispute.  Hubb has a clear interest in adjudicating the action close to its base of operations.  This Court may properly assert personal jurisdiction over microDATA.[5]

---

[4]    The factors include: 1) the extent of defendant's purposeful interjection into the forum state's affairs; 2) the burden on defendant of litigating in the forum; 3) the extent of conflict with the sovereignty of defendant's home state; 4) the forum state's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the controversy; 6) the importance of the forum to plaintiff's interest in convenient and fair relief; and 7) the existence of an alternate forum. See Autodesk, Inc., 2004 WL 603382, at *7.

[5]    While my decision relies solely on the papers filed in relation to microDATA's motion to dismiss, evidence submitted with Hubb's motion for preliminary injunction supports the assertion of jurisdiction over microDATA.

8

# TENTATIVE RULING

Finally, microDATA argues that venue does not lie in this district. Venue is proper if the defendant "resides" in the judicial district wherein the suit was filed. 28 U.S.C. § 1391(b)(1). For purposes of venue, a corporation is a resident of any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Because I have found that Hubb has met its burden of demonstrating the presence of personal jurisdiction over microDATA, this Court is an appropriate venue for Hubb's suit.

Having declined to invoke the first-to-file rule, and having concluded that personal jurisdiction and venue lie in this Court, microDATA's motion to dismiss is **DENIED**.

Date: July 25, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\Hubb Systems\first to file order 2.BZ VERSION.TENTATIVE
RULE.wpd