UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HUBB SYSTEMS, LLC, | ) | |
| Plaintiff(s), | ) | No. C07-2677 BZ |
| v. | ) | **ORDER DENYING MICRODATA INC.'S MOTION TO DISMISS** |
| MICRODATA GIS, INC., | ) | |
| Defendant(s). | ) | |

Before me is defendant microDATA, Inc.'s motion to dismiss for lack of jurisdiction.[1]  microDATA argues that the "first-to-file rule" requires me to dismiss this action or, at least, to stay or transfer it to the District of Vermont. Alternatively, microDATA asserts that this Court lacks personal jurisdiction over it.  For the reasons discussed, microDATA's motion is **DENIED**.

In its complaint, plaintiff Hubb Systems, LLC, alleges that microDATA has violated, and continues to violate, federal and state law laws by infringing on its "Data911" mark,

---

[1] All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

1

1  falsely designating the origin of its products,
2  cybersquatting, and engaging in unfair competition.  In
3  particular, Hubb alleges that microDATA's "microData911" mark
4  is confusingly similar to the Data911 mark and is therefore
5  likely to cause mistake, confusion, or deception in the minds
6  of customers, potential customers, and the public at large.
7  Hubb relatedly alleges that microDATA registered the domain
8  name microdata911.com in bad faith and with the intent to
9  profit on its similarity to Hubb's data911.com.
10      The record discloses that on January 3, 2007, Hubb sent a
11 letter to microDATA asking it immediately to discontinue use
12 of the microDATA 911 mark.  microDATA responded in a January
13 18 letter denying wrongdoing, and Hubb rejected its assertions
14 three months later in a letter dated April 27, 2007.  See
15 Heinrich Decl. at ¶¶ 5-8, Exhs. A-C.  On May 10, microDATA
16 sued Hubb in the District of Vermont seeking a declaration of
17 non-infringement and acknowledgment of microDATA's superior
18 rights to its mark.  On May 21, 2007 Hubb filed this action.
19 Id. at ¶ 10, Exh. D.  microDATA promptly moved the Vermont
20 court to enjoin this action.  Instead, that court stayed the
21 Vermont proceedings pending the resolution of the motions
22 pending here.[2]
23      The first-to-file rule is a rule of federal comity that
24 permits district courts to decline jurisdiction if a complaint

---

[2] Defendant microDATA requested this court to take judicial notice of the Order dated July 9 filed in United States District Court for the District of Vermont, Case No. 2:07-cv-108, and of Hubb's Motion to Dismiss filed in Vermont Court and dated July 2, 2007.  Having received no opposition from Hubb, I take judicial notice of these documents.

involving the same issues and parties has been filed previously in another district. Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982); see also Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). At the district court's discretion, it may transfer, stay, or dismiss the duplicative action. Alltrade, Inc., v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir. 1991). Exceptions to the first-to-file rule include suits filed in bad faith, in anticipation of imminent litigation, or as an attempt to forum shop. Id. at 625. Generally, the first-forum court determines whether exceptions apply. Pacesetter, supra, 678 F.2d at 96. Intuitive Surgical v. California Institute of Technology, 2007 WL 1150787, at *7 (N.D. Cal).

    Here, however, the Vermont court stayed its first-filed action with microDATA's motion to enjoin before it and with full knowledge that microDATA's motion to dismiss raises the first-to-file issue before this Court. I read the Vermont court's decision to stay itself as essentially deferring to this Court to resolve the dispute. Because the Vermont court stayed itself, the principle of comity has been satisfied and is no longer an obstacle to this action. I therefore decline to invoke the first-to-file rule, and will consider the remainder of microDATA's arguments for dismissal.

    microDATA next contends that this Court lacks personal jurisdiction since it is a Vermont corporation with very little contact with California. Hubb argues that this court has specific jurisdiction over microDATA primarily due to the

3

harmful effects on Hubb of microDATA's actions in California. These harmful effects arise from microDATA's appearance at multiple trade shows in California and microDATA's website, which lists upcoming trade shows and invites browsers to visit them.

California's long arm statute, Cal. Code Civ. P. § 410.10, allows the exercise of federal jurisdiction on any basis provided under the federal constitution. Under Ninth Circuit law, specific jurisdiction lies if: 1) the defendant has performed acts or consummated transactions within the forum, purposefully availed themselves of the privileges of the forum, or purposefully directed activities toward the forum; 2) the claim arises out of the defendant's forum-related activities; and 3) jurisdiction is reasonable. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006); Bancroft & Masters v. August Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir 2000).

Even where there is no evidence of sales or transactions in a forum, purposeful activities resulting in harmful effects within the forum may provide the basis for jurisdiction. See Calder v. Jones, 465 U.S. 783 (1984). The Calder effects test satisfies the "purposeful availment" prong if: 1) the defendant committed an intentional act 2) which was expressly aimed at the forum state and 3) caused harm "the brunt of which the defendant knows is likely to be suffered in the forum state." Bancroft, 223 F.3d at 1087.

Finally, where the jurisdictional question is decided on the papers and prior to jurisdictional discovery, the

4

1   plaintiff need only present a *prima facie* showing of
2   jurisdictional facts. Doe v. Unocal, 248 F.3d 915, 922 (9th
3   Cir. 2001). In determining whether the plaintiff has met this
4   burden, the court must accept uncontroverted allegations in
5   the complaint as true, even if unsupported by any evidence in
6   the record before the court. See AT&T Co. v. Compagnie
7   Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).
8       On the record before me, I conclude that Hubb has met its
9   burden. Specifically, microDATA is alleged to have knowingly
10  and willfully adopted the use of a mark that is confusingly
11  similar to Hubb's mark in an attempt to profit from Hubb's
12  widely and favorably recognized trade name and mark.
13  Complaint at ¶¶ 11-18. microDATA and Hubb's products are
14  allegedly similar in functionality, Complaint at ¶ 9, and
15  compete for the same business. See Complaint at ¶ 3; Newton
16  Decl. ¶¶ 4-6. MicroDATA is alleged to have attended several
17  trade shows in California, and to have advertised its
18  microDATA911 mark in the process.[3] Complaint at ¶ 3; Newton
19  Decl. ¶¶ 3-5. microDATA also directed several letters to
20  Hubb, suggesting knowledge of Hubb's California base.
21      Moreover, Hubb alleges that microDATA has acted in bad
22  faith by adopting a domain name - "microdata911.com" - that is
23  confusingly similar to Hubb's existing domain name,
24  "data911.com". Complaint at ¶¶ 20, 22. Although microDATA

---

[3] Although microDATA suggests that the trade shows it attends are aimed primarily at national and not California audiences, See microDATA's Reply at 7, there is little evidence to support this assertion. Moreover, microDATA admits that it has fielded inquires from a "potential customer in California." Heinrich Supp. Decl. ¶ 4.

5

1  insists that its website is passive and does not target
2  California residents, Heinrich Decl. at ¶ 17, it is undisputed
3  that it has used its website to advertise its appearances at
4  trade shows in California.  See Newton Decl. ¶¶ 4, 5.
5  Finally, Hubb contends that the effects of microDATA's actions
6  will be borne in large part by Hubb in California.  See Hubb's
7  Opp. at 14; Complaint at ¶¶ 2, 16, 18, 23, 27.  Insofar as
8  Hubb's base of operations is in Alameda, California, Complaint
9  at ¶ 2, the locus of the effects that would flow from
10 microDATA's alleged infringement at the California trade shows
11 will largely be borne in California.  See Autodesk, Inc. v. RK
12 Mace Engineering, Inc., 2004 WL 603382, at *6 (N.D. Cal.
13 2004).
14     microDATA, a Vermont corporation, contends that it has no
15 offices, facilities, bank accounts, licenses, or mailing
16 addresses in California.  See Heinrich Decl. ¶¶ 3, 14-16.  It
17 also contends that it has never consummated a sale in
18 California.  Heinrich Supp. Decl. ¶ 3.  On a *prima facie*
19 level, however, the record demonstrates that microDATA has
20 purposefully availed itself of the privilege of conducting
21 business in California by intentionally and expressly aiming
22 allegedly unlawful activities at California, where the brunt
23 of the harm will be borne by Hubb in California.  See Rio
24 Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007,
25 1019-21 (9th Cir. 2002) (affirming the district court's
26 partial reliance on defendant's forum-targeted advertisements
27 in applying Calder); see also Autodesk, Inc., 2004 WL 603382,
28 at *5-*6 (applying the Calder effects test in the context of

6

1  copyright infringement).

2  Nor can there be any doubt that Hubb's claims arise, at least in part, from microDATA's forum-related activities. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 780 (1984) (noting that jurisdiction may be present where the cause of action arises out of activity occurring at least partially in the forum state). As already discussed, Hubb alleges that microDATA has advertised its infringing mark on its website and at trade shows in California. Hubb's claims arise in part from microDATA's allegedly unlawful activities occurring within California.

12  Jurisdiction over microDATA in this Court is also reasonable. When defendants have been shown to purposefully direct activities toward the forum state, "there is a presumption of reasonableness that the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable." Columbia Pictures v. Krypton Broadcasting, 106 F.3d 284, 289 (9th Cir. 1997) (internal citations omitted). A seven-factor test guides a court's determination of reasonableness.[4]

21  microDATA has traveled to California multiple times to attend trade shows. Moreover, microDATA has obtained counsel

---

[4] The factors include: 1) the extent of defendant's purposeful interjection into the forum state's affairs; 2) the burden on defendant of litigating in the forum; 3) the extent of conflict with the sovereignty of defendant's home state; 4) the forum state's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the controversy; 6) the importance of the forum to plaintiff's interest in convenient and fair relief; and 7) the existence of an alternate forum. See Autodesk, Inc., 2004 WL 603382, at *7.

7

in California through the San Jose-based Terra Law, LLP. Jurisdiction is not rendered unreasonable simply because pursuit of the action may necessitate some travel by microDATA.  See Burger King v. Rudzewicz, 471 U.S. 462, 474 (1985) (noting that the advance of modern technology has lessened the burden of long-distance travel and communication).  Hubb has included allegations in its complaint not present in microDATA's Vermont suit, suggesting that the pursuit of this action will lead to a more complete and efficient resolution of the issues between the parties. Given the nature of Hubb's allegations and microDATA's contacts with California, California has a clear interest in adjudicating the dispute.  Hubb has a clear interest in adjudicating the action close to its base of operations.  This Court may properly assert personal jurisdiction over microDATA.[5]

Finally, microDATA argues that venue does not lie in this district.  Venue is proper if the defendant "resides" in the judicial district wherein the suit was filed.  28 U.S.C. § 1391(b)(1).  For purposes of venue, a corporation is a resident of any judicial district in which it is subject to personal jurisdiction.  28 U.S.C. § 1391(c).  Because I have found that Hubb has met its burden of demonstrating the presence of personal jurisdiction over microDATA, this Court is an appropriate venue for Hubb's suit.

---

[5] While my decision relies solely on the papers filed in relation to microDATA's motion to dismiss, evidence submitted with Hubb's motion for preliminary injunction supports the assertion of jurisdiction over microDATA.

8

Having declined to invoke the first-to-file rule, and having concluded that personal jurisdiction and venue lie in this Court, microDATA's motion to dismiss is **DENIED**.

Date: August 1, 2007

                              Bernard Zimmerman
                        United States Magistrate Judge

G:\BZALL\-BZCASES\Hubb Systems\first to file order 2.BZ VERSION.wpd

9