1  Breck E. Milde  (Cal. State Bar No. 122437)
   bmilde@terra-law.com
2  Mark W. Good (Cal. State Bar No. 218809)
   mgood@terra-law.com
3  Terra Law LLP
   177 Park Avenue, Third Floor
4  San Jose, CA 95113
   Tel: (408) 299-1200
5  Fax: (408) 998-4895

6  R. Prescott Jaunich (Cal. State Bar No. 164390)
   sjaunich@drm.com
7  Downs Rachlin Martin PLLC
   199 Main Street, P.O. Box 190
8  Burlington, VT  05402
   Tel: 802-863-2375
9  Fax: 802-862-7512

10  Counsel for Defendant microDATA GIS, Inc.

11

12                        UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14  HUBB SYSTEMS, LLC·                    ) Case No. C07-02677 BZ
                                          )
15       Plaintiff/Defendant-in-Counterclaim, ) **DEFENDANT MICRODATA GIS, INC.'S**
                                          ) **ANSWER TO PLAINTIFF'S COMPLAINT,**
16       v.                               ) **AFFIRMATIVE DEFENSES,**
                                          ) **COUNTERCLAIMS, AND JURY DEMAND**
17  MICRODATA GIS, INC.,                  )
                                          )
18       Defendant/Plaintiff-in-Counterclaim. ) Courtroom:  G
                                          ) Magistrate Judge Bernard Zimmerman
19                                        )
                                          )
20  _____)

21      Defendant microDATA GIS, Inc. ("microDATA") submits this Answer ("Answer") in

22  response to Plaintiff Hubb Systems, LLC's ("Hubb's") Complaint against microDATA alleging

23  trademark infringement, false designation of origin, cybersquatting, and unfair competition (the

24  "Complaint") and denies any and all such allegations, and further admits or denies the specific

25  allegations of the Complaint and states affirmative defenses and counterclaims, as follows:

26                   <u>**JURISDICTION, VENUE AND PARTIES**</u>

27      1.      microDATA admits the allegations of subject matter jurisdiction in paragraph 1.

28      2.      microDATA admits the allegations of subject matter jurisdiction in paragraph 2,

1150220                        1

1   assuming the validity of the allegations set forth as to Hubb's location and corporate status.

2       3.     The allegations of paragraph 3 set forth a conclusion of law to which no response is

3   required from microDATA.  To the extent that a response may be required, microDATA admits

4   that it attended the "Cal NENA" trade show  but denies that it has made any sales of goods or

5   services in California and denies the allegations of personal jurisdiction.

6       4.     The allegations of paragraph 4 are non-traversable.

7       5.     Answering paragraph 5 of the Complaint, microDATA lacks information sufficient

8   to form a belief as to the facts alleged, and on that basis, denies them.

9       6.     Answering paragraph 6 of the Complaint, microDATA lacks information sufficient

10  to form a belief as to the facts alleged, and on that basis, denies them.

11      7.     Answering paragraph 7 of the Complaint, microDATA lacks information sufficient

12  to form a belief as to the facts alleged, and on that basis, denies them.

13      8.     Answering the first sentence of paragraph 8 of the Complaint, microDATA lacks

14  information sufficient to form a belief as to the facts alleged, and on that basis, denies them.

15  Answering the second and third sentences of paragraph 8 of the Complaint, such sentences assert a

16  legal conclusion to which no response is required.  To the extent an answer is deemed necessary to

17  the second and third sentences of paragraph 8 of the Complaint, microDATA denies the facts

18  alleged.

19      9.     Answering the first sentence of paragraph 9 of the Complaint, microDATA lacks

20  information sufficient to form a belief as to the facts alleged, and on that basis, denies them.

21  Further answering, however, microDATA states that it began using the mark MICRODATA 911

22  long before January, 2007.  Further answering, microDATA denies that it was using the mark to

23  identify computer goods and services "very similar" to those sold by Plaintiff.  microDATA denies

24  the allegations in the second sentence of paragraph 9.

25      10.    Answering paragraph 10 of the Complaint, microDATA lacks information

26  sufficient to form a belief as to the facts alleged, and on that basis, denies them.

27  ///

28  ///

**DEFENDANT MICRODATA GIS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

**FIRST COUNT**
**(Trademark Infringement)**

11.    Answering paragraph 11 of the Complaint, microDATA denies that it has operated its business using the MICRODATA 911 mark for the sale of goods and services related to computer software for public safety because this characterization of microDATA's business and use of the cited mark is overly broad and vague.  Further answering, microDATA denies that it has used the mark only "since about October, 2006."

12.    microDATA denies the allegations of the first sentence of paragraph 12.  As to the second sentence of paragraph 12, microDATA admits that it has used the mark MICRODATA 911 in its advertising and promotion, but denies the remainder of the sentence.

13.    microDATA denies the allegations of paragraph 13.

14.    microDATA denies the allegations of paragraph 14.

15.    microDATA denies the allegations of paragraph 15.

16.    microDATA denies the allegations of paragraph 16.

**SECOND COUNT**
**(False Designation of Origin; §43(a) of the Lanham Act)**

17.    microDATA denies the allegations of paragraph 17.

18.    microDATA admits only that Plaintiff has no control over the nature and quality of the line of products manufactured and sold by microDATA, as alleged in paragraph 18. Otherwise, the allegations of paragraph 18 are denied.

19.    microDATA denies the allegations of paragraph 19.

**THIRD COUNT**
**(Cybersquatting)**

20.    microDATA admits only that it has registered and used the domain name MICRODATA 911, as alleged in paragraph 20.  Otherwise, the allegations of paragraph 20 are denied.

21.    microDATA denies the allegations of paragraph 21.

22.    microDATA denies the allegations of paragraph 22.

23.    microDATA denies the allegations of paragraph 23.

**DEFENDANT MICRODATA GIS, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

1

<u>**THIRD COUNT (sic)**</u>

2

**(Unfair Competition)**

3          24.    microDATA denies the allegations of paragraph 24.  Further answering,

4    microDATA states that it does not use Plaintiff's trademark.

5          25.    microDATA denies the allegations of paragraph 25.

6          26.    microDATA denies the allegations of paragraph 26.

7          27.    microDATA denies the allegations of paragraph 27.

8          28.    microDATA denies the allegations of paragraph 28.

9                          **AFFIRMATIVE DEFENSES**

10    microDATA hereby asserts the following Affirmative Defenses in this case:

11          A.     Lack of personal jurisdiction over the Defendant microDATA.

12          B.     Failure to state a claim upon which relief can be granted.

13          C.     Hubb's claims fail because for a variety of reasons there is no likelihood of

14    confusion.

15          D.     If there is any likelihood of confusion, microDATA has senior common law rights

16    with respect to its marks and Hubb's use of its marks are infringing on microDATA's rights.

17          E.     Hubb's claims are barred by the doctrine of laches.

18          F.     Hubb's claims are barred by the doctrine of waiver.

19          G.     Hubb's claims are barred by the doctrine of estoppel.

20          H.     Hubb's claims are barred by the doctrine of unclean hands.

21          I.     By way of further affirmative defenses, microDATA incorporates by reference the

22    claims set forth in its Counterclaims against Hubb, below.

23          J.     microDATA reserves the right to add further affirmative defenses.

24         <u>**MICRODATA'S COUNTERCLAIMS AGAINST HUBB SYSTEMS**</u>

25    Plaintiff-in-Counterclaim microDATA, for its counterclaims against Defendant-in-

26    Counterclaim Hubb, alleges as follows:

27

28

1150220                                4

1

## NATURE OF THE ACTION

2      1.    This is an action for a declaratory judgment that microDATA does not infringe

3 Hubb's trademark or, in the alternative, that if the Court finds that the parties' respective marks are

4 confusingly similar, that microDATA has senior common law user rights in its marks and Hubb

5 therefore is liable for infringement, false designation of origin, and unfair competition against

6 microDATA.  Hubb has alleged that microDATA's marks, MICRODATA 911 and

7 MICRO911DATA and design, as well as microDATA's Internet website address

8 (www.microdata911.com), infringe Hubb's "Data911" mark, and has commenced legal action

9 against microDATA.  microDATA asserts that its marks do not infringe and that, in addition, it

10 has senior common law user rights in its marks.  In this action microDATA seeks a declaration of

11 the rights of the respective parties, and, in particular, a declaration that its use of the marks

12 MICRODATA 911 and MICRO911DATA and design is entirely lawful and does not infringe

13 Hubb's mark and that it has superior rights to use its mark.  This action arises under the Federal

14 Declaratory Judgment Act, 28 U.S.C. § 2201, the trademark laws of the United States, 15 U.S.C. §

15 1114, et seq., and applicable federal and other law.

16

## PARTIES

17      2.    Plaintiff-in-Counterclaim  microDATA is a Vermont corporation with a principal

18 place of business at 1016 U.S. Route 5, Saint Johnsbury, Vermont, 05819.  microDATA is in the

19 business of providing 9-1-1 mapping software and Internet Protocol (IP)-based data technologies

20 and related services to public safety organizations.  microDATA's products integrate mapping and

21 call-handling functionalities for public service answering points (PSAPs).  In addition,

22 microDATA provides Geographic Information Systems (GIS) and Automatic Location

23 Information (ALI) systems for PSAPs and other public safety organizations.  microDATA's

24 products and services provide for the efficient management and routing of emergency calls, the

25 efficient management and updating of emergency response information, and the efficient locating

26 and routing of emergency response vehicles to the sites of emergency calls.  microDATA does not

27 provide computer-aided dispatch (CAD) products or services, although certain of its products do

28 interface with CAD products.  microDATA sells its products and related services under the marks

**DEFENDANT MICRODATA GIS, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

1  MICRODATA, MICRODATA 911, and MICRO911DATA and design.  microDATA has been

2  selling products and services under the MICRODATA mark since at least 1990 and under the

3  MICRODATA 911 and MICRO911DATA and design mark, or slight variations of such design

4  mark, since at least 1998.

5        3.      Defendant-in-Counterclaim Hubb is, upon information and belief, a California

6  limited liability company, with its principal place of business at 2021 Challenger Drive, Alameda,

7  California, 94501.  Hubb is a ruggedized hardware and/or CAD company engaged in designing

8  and selling mobile PC hardware and related services for emergency vehicles.  Hubb sells its

9  products under the mark "Data911."  Hubb also has a federal registration for its "Data911" mark,

10  Registration No. 2,546,009, for "computer software, namely for use in providing public and

11  personal information in the field of public safety, and instruction manuals sold as a unit

12  therewith."

13  **JURISDICTION AND VENUE**

14        4.      This Court has subject matter jurisdiction over this action pursuant to:  28 U.S.C.

15  §§  2201 (declaratory judgment), 1331 (federal question), 1338 (trademarks), and 15 U.S.C. §

16  1121 (trademarks), as well as 28 U.S.C. § 1332 (diversity of citizenship).  The claim arises under

17  the trademark laws of the United States, and the parties are citizens of different states and the

18  amount in controversy is greater than $75,000.

19        5.      Venue is proper in this district pursuant to 28 U.S.C. §  1391(b) and (c) because a

20  substantial part of the events or omissions giving rise to this claim occurred, or a substantial part of

21  property that is the subject of the action is situated here.

22  **FACTS**

23        6.      microDATA has been in business since at least 1983 in St. Johnsbury, Vermont.

24        7.      microDATA has been using the mark MICRODATA in Vermont and elsewhere

25  since at least 1990 and has been using the marks MICRODATA 911 and/or MICRO911DATA

26  and design, or slight variations of such design mark, in Vermont and elsewhere since at least 1998.

27        8.      microDATA uses its mark in connection with software products and related

28  services as described above.

**DEFENDANT MICRODATA GIS, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

1    9.    microDATA does not design, manufacture, or sell hardware products identified by

2    the microDATA marks.

3    10.    Hubb uses the mark "Data911" in connection with hardware and certain software

4    products designed to be used with that hardware.

5    11.    microDATA's marks and Hubb's mark are distinct in both visual appearance and in

6    sound when read aloud.

7    12.    The marks are also distinct in connotative meaning.

8    13.    The goods and services sold by microDATA and Hubb, on which their respective

9    marks are used, are distinct.

10    14.    The goods and services sold by microDATA and Hubb are not retail consumer

11    goods, but are relatively expensive, specialized goods and services purchased by highly

12    sophisticated, discriminating purchasers (governmental organizations, municipalities, and both

13    public and private public safety organizations such as police departments, fire departments, and

14    ambulance and EMT services).  The purchases are likely to be made only after considerable

15    thought, review, and deliberation, and often as the result of bidding processes.  Purchasers will

16    examine the goods and services carefully; may test them before making the purchase; and will

17    understand the differences between the two sources identified by the two marks.  There is no

18    likelihood of confusion given the category of potential purchasers of microDATA's and Hubb's

19    respective goods and services.

20    15.    In addition, Hubb's mark, "Data911" is a combination of two commonly-used

21    terms.  The two elements of Hubb's mark are, both separately and in combination, merely

22    descriptive, if not generic.

23    16.    Hubb's mark is merely one of many marks using "data" that consumers may

24    encounter in the field of computer hardware and software and related services, and one of many

25    using "911" that consumers may encounter in the field of public safety-related goods and services.

26    17.    Hubb's mark is therefore weak and has a limited capacity to serve as a source-

27    identifier.  The mark is therefore entitled to limited if any protection under the trademark laws.

28    18.    There is no likelihood of confusion between the two marks.

1150220

7

19.     microDATA's use of its MICRODATA 911 and/or MICRO911DATA and design marks, or slight variations of such design mark, pre-dates both Hubb's first use of "Data911" in certain geographic regions and its registration of its mark (2002), and therefore microDATA has superior common law rights to use its marks.

20.     If there is any likelihood of confusion, microDATA has senior common law user rights in its mark and Hubb is therefore infringing on microDATA's rights.

## COUNT I
### (Request for Declaratory Judgment)

21.     microDATA incorporates by reference paragraphs 1 through 20, above, as if fully set forth herein.

22.     An actual controversy exists in this matter given that:  (a) Hubb has alleged that microDATA has engaged in trademark infringement; (b) microDATA has denied the allegations and explained its reasoning; and (c) Hubb has pursued legal action against microDATA.

23.     microDATA requests that this Court hear the matter and declare that its use of the marks MICRODATA 911 and MICRO911DATA and design, as well as microDATA's Internet website address (www.microdata911.com) and any other such address using another top-level domain, do not infringe Hubb's mark "Data911"; that microDATA is not liable to Hubb; and that microDATA can continue to use its marks on its goods and services and future goods and services. In the alternative, if the Court finds that the parties' respective marks are confusingly similar, that microDATA has senior common law user rights in its marks and Hubb therefore is liable for infringement, false designation of origin, and unfair competition against microDATA.

## COUNT II
### (Trademark Infringement)

24.     microDATA incorporates by reference paragraphs 1 through 23, above, as if fully set forth herein.

25.     microDATA was using its mark MICRODATA 911 and its MICRO911DATA and design mark, or slight variations of such design mark, before Hubb either began using or registered its mark.   If the Court finds that microDATA's common law marks are confusingly similar to Hubb's "Data911" mark, then Hubb is infringing on microDATA's rights.

**DEFENDANT MICRODATA GIS, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

1    26.    Hubb has used its mark on its goods in commerce and in its related advertising and

2    promotional materials.

3    27.    If the Court finds that the unlicensed use by Hubb of any colorable variation of

4    microDATA's trademark is likely to cause mistake or confusion or deception in the minds of the

5    public, then Hubb's conduct constitutes an infringement of microDATA's mark.

6    28.    If the Court finds that the marks are confusingly similar, then microDATA is being

7    and will be damaged by Hubb's unauthorized use of microDATA's mark, and microDATA's

8    rights in its mark have been and will be diluted as a result of Hubb's conduct, to microDATA's

9    detriment.

10    29.    The infringements charged above are knowing and willful.

11    30.    The goodwill of microDATA's business under its MICRODATA 911 trademark is

12    of enormous value, and microDATA will suffer irreparable harm if the infringement is allowed to

13    continue to the detriment of microDATA's trade reputation and goodwill.

## COUNT III
### (False Designation of Origin)

16    31.    microDATA incorporates by reference paragraphs 1 through 30, above, as if fully

17    set forth herein.

18    32.    If the Court finds that the marks are confusingly similar, then Hubb's use of the

19    "Data911" mark constitutes a false designation of origin which is likely to deceive customers and

20    prospective customers into believing that Hubb's line of products is that of microDATA and, as a

21    consequence, is likely to divert customers away from microDATA.

22    33.    microDATA has no control over the nature and quality of the line of products

23    manufactured and sold by Hubb.  If the Court finds that the marks are confusingly similar , then

24    any failure, neglect, or default by Hubb in providing such products will reflect adversely on

25    microDATA as the believed source and origin thereof, hampering efforts by microDATA to

26    continue to protect its outstanding reputation for high quality, high precision products, resulting in

27    loss of sales thereof and the considerable expenditures to promote its products under its mark, all

28    to the irreparable harm of microDATA.

1150220                                      9

1    34.    Hubb's false designation of origin will continue unless enjoined by this Court.

2
                        **COUNT IV**
3                    **(Unfair Competition)**

4    35.    microDATA incorporates by reference paragraphs 1 through 34, above, as if fully

5    set forth herein.

6    36.    If the Court finds that the marks are confusingly similar, then, given microDATA's

7    senior common law user rights, Hubb's use of microDATA's mark, or any colorable imitation of

8    it, by Hubb is likely to cause mistake, or to confuse or deceive the general public.

9    37.    If the Court finds that the marks are confusingly similar, then the use of the name

10    "Data911" by Hubb constitutes a knowing and willful passing off of the services of Hubb for those

11    of microDATA.

12    38.    If the Court finds that the marks are confusingly similar, the actions of Hubb

13    constitute unfair competition with microDATA in the trade by reason of Hubb's use of a mark

14    confusingly similar to microDATA's trademark.

15    39.    If the Court finds that the marks are confusingly similar, these acts of unfair

16    competition by Hubb have caused and are continuing to cause irreparable harm to the reputation

17    that microDATA has established over several decades.

18    40.    If the Court finds that the marks are confusingly similar, then unless the use of

19    microDATA's trademark by Hubb is restrained, Hubb will continue these acts to the detriment of

20    microDATA.

21                    **Request for Relief**

22    WHEREFORE, microDATA requests the Court to provide the following relief:

23    A.    Dismiss Hubb's claims against microDATA;

24    B.    Find that Hubb's actions constitute trademark infringement, false designation of

25    origin, and/or unfair competition against microDATA;

26    C.    Award damages to microDATA;

27    D.    Enjoin Hubb from further acts of infringement, false designation of origin, and/or

28    unfair competition;

1150220                              10
                    **DEFENDANT MICRODATA GIS, INC.'S**
                    **ANSWER TO PLAINTIFF'S COMPLAINT**

1    E.    Award microDATA its attorneys fees and costs of this action; and

2    F.    Award microDATA such other and further relief as is just and equitable.

3    MICRODATA DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

4    Dated:  August 10, 2007                          TERRA LAW LLP

5

6

7    By:  _____ /s/  Mark W. Good _____
                Mark W. Good  (Cal. State Bar No. 218809)
8                Attorneys for microDATA GIS, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1150220                              11

**DEFENDANT MICRODATA GIS, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**