1  MICHAEL M.K. SEBREE #142649
   WILLIAM E. ADAMS #153330
2  DAWN NEWTON #209002
   FITZGERALD ABBOTT & BEARDSLEY LLP
3  1221 Broadway, 21st Floor
   Oakland, California  94612
4  Telephone: (510) 451-3300
   Facsimile: (510) 451-1527
5  Emails: wadams@fablaw.com;dnewton@fablaw.com

6  Attorneys for Plaintiff and Defendant-in-Counterclaim
   HUBB SYSTEMS, LLC
7

8  Charles L. Coleman, III  [CA Bar No. 65496]
   HOLLAND & KNIGHT LLP
9  50 California Street,  28th Floor
   San Francisco, CA 94111-4624
10 Telephone:  (415) 743-6900
   Facsimile:  (415) 743-6910
11

12 Attorneys for Defendant and Plaintiff-in-Counterclaim
   microDATA GIS, Inc.

13

14                UNITED STATES DISTRICT COURT

15        NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

16 HUBB SYSTEMS, LLC,                    Case No.: C07-02677 BZ

17          Plaintiff,                   JOINT CASE MANAGEMENT
                                         CONFERENCE STATEMENT AND
18    vs.                                [PROPOSED] ORDER

19 MICRODATA GIS, INC.,
                                         Date:  September 17, 2007
20          Defendant.                   Time:  3:45 p.m.
                                         Courtroom G
21                                       Magistrate Judge Bernard Zimmerman
   AND RELATED COUNTERCLAIMS
22

23         Plaintiff and Cross-Defendant Hubb Systems LLC ("Hubb" or "Plaintiff") and Defendant

24 and Cross-Complainant microDATA GIS, Inc. ("microDATA" or "Defendant") hereby jointly

25 submit this Case Management Conference Statement and Proposed Order to adopt as the Case

26 Management Order in the above-captioned matter.

27

28
                                      1
   JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED]
                  ORDER CASE NO.: C07-02677 BZ

9/10/07 (24601) #280112.1

**DESCRIPTION OF THE CASE**

1.    *Jurisdiction and Service.* This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. All parties have been served and have appeared, and all issues regarding personal jurisdiction and venue have been resolved for purposes of this Statement.

2.    *Undisputed Facts and Procedural History.*

Hubb filed its Complaint and jury demand on May 21, 2007, alleging trademark infringement, unfair competition, and cybersquatting. microDATA moved for dismissal under Fed. R. Civ. P. Rule 12(b)(1) and 12(b)(2), based on allegations of lack of jurisdiction and on the first-to-file doctrine, alleging that the District Court of Vermont had jurisdiction based on microDATA's declaratory relief action filed on May 10, 2007 in Vermont. The motion to dismiss was denied and the parties stipulated to a dismissal of the Vermont action, waiver of the preliminary injunction motion brought by Hubb, and an accelerated trial on the merits.

On August 10, 2007, microDATA filed its responsive pleading and a Counter-Claim requesting declaratory relief and alleging trademark infringement based on common law rights in its mark. Hubb filed its responsive pleading on September 4, 2007. Trial has not yet been set.

Hubb has a federal registration for the "Data911" mark, Registration No. 2,546,009.

a.    *Plaintiff's Statement of Facts*

Hubb is a designer, manufacturer and retailer of mobile hardware and software systems for public safety. As set forth more particularly in the complaint, Hubb's full product line is sold under its federally registered mark of "DATA911" and includes mobile computing systems, digital video processing units, software programs including computer aided dispatch ("CAD") and automatic vehicle location ("AVL"). In 2002, Hubb registered the "DATA911" mark for computer software in the field of public safety as Registration Number 2,546,009 with the United States Patent and Trademark Office. Its registration became incontestable on May 24,

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**

9/10/07 (24601) #280112.1

1   2007.  In 1997, it registered the internet domain name "data911.com" and established its website
2   at that site.  Hubb is headquartered in Alameda, California.
3       microDATA is a designer, manufacturer and retailer of computer software and some
4   hardware systems for public safety, and its product line includes CAD and AVL software.  It
5   markets its products under the mark "microDATA 911" and in 2006 it registered the domain
6   name "microdata911.com".  microDATA also uses a logo that appears to read "micro911data"
7   with the "911" portion printed inside the last letter of "micro."
8           b.    *Defendant's Statement of Facts*
9       microDATA is a Vermont corporation, with a principal place of business in St.
10  Johnsbury, Vermont.  microDATA has been in business since at least 1983.  microDATA
11  provides 911 mapping software and Internet Protocol (IP)-based data technologies and related
12  services to public safety "911" organizations.  microDATA's products integrate mapping and
13  call-handling functionalities for public service answering points (PSAPs).  In addition,
14  microDATA provides Geographic Information Systems (GIS) and Automatic Location
15  Information (ALI) systems for PSAPs, and other public 911 organizations.  microDATA's
16  products and services are designed to provide for the efficient management and routing of
17  emergency calls, the efficient management and updating of emergency response information,
18  and the efficient locating and routing of emergency response vehicles to the sites of emergency
19  calls.
20      microDATA sells its products and related services under the marks MICRODATA,
21  MICRODATA 911, and MICRO911DATA and design.  microDATA has been selling products
22  and services (a) under the MICRODATA mark in Vermont and elsewhere since at least 1990,
23  and (b) under a mark which combines the terms "MICRODATA" and "911" in a design logo
24  since at least 1998.
25      Hubb is a ruggedized hardware and computer-aided dispatch (CAD) company, engaged
26  in designing and selling mobile PC hardware and related services for emergency vehicles.  Hubb
27  sells its products under the mark "Data911."  microDATA does not provide computer-aided

28                          3
    **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED]
                            ORDER**
    9/10/07 (24601) #280112.1

1  dispatch (CAD) products or services, although certain of its products do interface with CAD

2  products.

3       3.   *Substance of the Action.*  Hubb's Complaint alleged four counts:  Common and

4  Statutory Law Trademark Infringement; False Designation of Origin under section 43(a) of the

5  Lanham Act; Unfair Competition; and Cybersquatting.[1]

6       microDATA's Counter-Claim alleges four counts: Request for Declaratory Relief;

7  Trademark Infringment; False Designation of Origin; and Unfair Competition.  Counts II

8  through IV are based on microDATA's common law use of the marks MICRODATA,

9  MICRO911DATA, and MICRODATA 911 prior to Hubb's registration of the DATA911 mark.

10      4.   *Relief Prayed.*  Hubb seeks: (1) damages in the form of disgorgement of profits

11 earned by microDATA under the name "microDATA 911"; (2) damages for the injury Hubb has

12 sustained based on harm to its mark and loss of sales; (3) permanent injunction and restraint

13 against microDATA's use of the "microDATA 911" and the domain name "microdata911.com"

14 or any other name or homonym containing "data 911"; (4) transfer of the domain name

15 "microdata911.com" to Hubb; (5) microDATA's surrender of all materials containing the mark

16 "microDATA 911" for destruction by Hubb; and (6) damages for unfair competition.

17      microDATA seeks: (1) a declaration that Hubb is not entitled to the relief it seeks and a

18 dismissal of Hubb's action; (2) a finding that Hubb is liable for trademark infringement, false

19 designation of origin, and/or unfair competition against microDATA; (3) an award of damages

20 based on Hubb's infringing or other wrongful conduct; (4) permanent injunction and restraint

21 against Hubb's use of its "DATA911" mark or any other mark confusingly similar to

22 microDATA's "microDATA 911" mark; and (5) attorneys' fees and costs.

23      5.   *Disputed Factual Issues.*

24          a.   microDATA contends that its marks including "microDATA 911" and

25 "micro911data" are not confusingly similar to Hubb's "DATA911" mark.  microDATA further

26 contends (i) that microDATA uses its mark in connection with software products and related

---

[1] The count for Cybersquatting was erroneously labeled "Third Count" but is in fact the Fourth Count.

4

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED]
ORDER**

9/10/07 (24601) #280112.1

1   services, and does not design, manufacture, or sell hardware products under the microDATA

2   marks; (ii) that Hubb uses the mark "Data911" in connection with hardware and certain

3   software products designed to be used with that hardware; (iii) that microDATA's marks and

4   Hubb's mark are distinct in both visual appearance and in sound when read aloud; (iv) that the

5   marks are also distinct in connotative meaning; (v) that the goods and services sold by

6   microDATA and Hubb, on which their respective marks are used, are distinct.

7           b.      Hubb contends that it has the earlier use in commerce of "DATA911".

8   Hubb contends that it used its mark in commerce beginning in 1989. microDATA disputes this

9   contention based in part on Hubb's 2002 registration of the mark, and contends that it began

10  using in its markets its own MICRODATA mark since at least as early as 1990, began using a

11  design mark combining "MICRODATA" and "911" since at least 1998.

12          c.      microDATA contends that even if Hubb had an earlier use of its mark in

13  commerce, microDATA had a prior use of its marks in certain geographic areas.

14          d.      Hubb contends that microDATA's product line is so similar that use of

15  "microDATA 911" is confusingly similar to Hubb's "DATA911" mark, while microDATA

16  contends that it manufactures software while Hubb's products are either hardware or software

17  designed to be used in conjunction with Hubb's hardware and that the products are therefore

18  neither similar nor sold in the same markets.

19          e.      microDATA contends that public safety consumers are sufficiently

20  sophisticated in their purchase of the types of goods and services sold by the parties that

21  purchasers are not likely to be confused between "DATA911" and "microDATA 911."

22  Specifically, the goods and services sold by microDATA and Hubb are not retail consumer

23  goods, but are relatively expensive, specialized goods and services purchased by highly

24  sophisticated, discriminating purchasers (governmental organizations, municipalities, and both

25  public and private public safety organizations such as police departments, fire departments, and

26  ambulance and EMT services). The purchases are likely to be made only after considerable

27  thought, review, and deliberation, and often as the result of bidding processes. Purchasers will

28
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED]
ORDER**

9/10/07 (24601) #280112.1

1   examine the goods and services carefully; may test them before making the purchase; and will

2   understand the differences between the two sources identified by the two marks.

3        6.    *Disputed Legal Issues.* The parties dispute the following:

4             a.    Hubb contends that "microDATA 911" infringes on its federally

5   registered "DATA911" mark, and that microDATA's domain name likewise infringes on Hubb's

6   mark, while microDATA contends that they do not.

7             b.    microDATA contends that Hubb's marks are weak because of the

8   frequency with which "data" and "911" are used in the public safety market.

9             c.    microDATA contends that it has superior common law rights in its marks

10  based on its dates of use of the marks and the areas in which its marks were used in commerce.

11       7.    *Motions.* All prior motions, including microDATA's motion to dismiss and

12  Hubb's motion for preliminary injunction have been resolved.  There are no pending motions.

13  microDATA anticipates bringing a motion to amend its pleadings.

14       8.    *Amendment of Pleadings.* microDATA may seek to amend its pleadings by

15  motion brought no later than the deadline set by the Court in its pre-trial schedule.  The deadline

16  proposed by the parties in this joint statement is September 24, 2007.

### ALTERNATIVE DISPUTE RESOLUTION

18       9.    The case was not assigned to any alternative dispute resolution at filing.

19       10.    Both parties agree to mediate this dispute pursuant to the terms of a proposal for

20  mediation made by microDATA to Hubb, in which mediation will take place in the California

21  Bay Area, without discovery.  Any subsequent meeting of the parties to engage in further

22  mediation efforts will take place in Boston, Massachusetts.  Mediation will be completed no

23  later than October 19, 2007.

### DISCLOSURES

25       11.    *Initial Disclosures.* Hubb will provide initial disclosures of witnesses and

26  documents as required by Rule 26(a)(1) by September 17, 2007.  This date is one week later

27  than what is called for by Rule 26(a), and is requested because Hubb's Answer and affirmative

28                     6

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**

1   defenses to the Cross-Claim were only filed September 4, 2007. microDATA provided its

2   initial disclosures under Rule 26(a)(1) on September 10, 2007.

3       12.   *Discovery Subjects and Issues.* Each party's history of using its marks in

4   commerce is relevant to this suit, and discovery of evidence related to that history will be sought

5   by each side. The parties' knowledge of one another's marks, and the prevalence of any similar

6   marks by third party competitors will also be relevant. In addition, discovery concerning the

7   following areas will be relevant: (i) the strength of the competing marks; (ii) the similarities in

8   the software and hardware products branded under these marks; (iii) the similarities of the

9   marks; (iv) whether there is any evidence of actual confusion; (v) the sales and marketing

10  channels the parties employed with respect to the branded hardware and software at issue; (vi)

11  the degree of care customers use in purchasing these hardware and software products; (vii)

12  microDATA's intent on selecting the challenged mark; and (viii) the likelihood of expansion of

13  one party into the geographic and other markets of the other. Moreover, Hubb's claims

14  concerning the "microdata911.com" URL will require discovery concerning the following: (i)

15  microDATA's prior rights in a design mark combining the terms "MICRODATA" and "911";

16  (ii) microDATA's use of this mark before its registration of the domain name; (iii)

17  microDATA's intent in registering the domain name; (iv) whether microDATA has engaged in

18  transfer activity with respect to domain names; and (v) the strength or weakness (again) of the

19  DATA911 Mark. It is anticipated that some of the evidence sought may be proprietary and may

20  require a protective order or the assistance of a discovery referee.

21      13.   *Electronic Discovery.* Discovery of information kept in electronic form

22  including email and electronically imaged documents is anticipated. To the extent that

23  microDATA asserts a defense of necessity in its use of the term "DATA 911" based on the code

24  it uses in its software, Hubb may seek discovery of that computer code. However, the parties do

25  not anticipate needing to physically examine one another's storage devices. Hubb requests that

26  electronic documents be produced in TIFF files to the extent possible.

27      Because of the accelerated trial schedule, the parties agree that each may assert post-

28

7

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED]
ORDER**

9/10/07 (24601) #280112.1

1  production privilege or protection objections with regard to voluminous electronic data

2  productions.

3      14.   *Evidence Preservation.*  Both parties have taken appropriate steps to preserve

4  evidence, including communication to individuals within the companies that a litigation hold

5  has issued on routine destruction of documents and information that is reasonably likely to be

6  relevant to this litigation.

7      15.   *Damage Computations.*  Each party's damage computation will depend in part on

8  discovery to be obtained from the other, including the other's revenue during the time period at

9  issue.   The parties are not in a position currently to quantify damages.

10      16.   *Insurance Agreements.*  Not applicable.

11      17.   *Additional Parties.*  The parties are not aware of any additional parties who will

12  be joined in this action.

13                           **DISCOVERY**

14      18.   The parties will follow the Federal Rules of Civil Procedure, Rule 26, with

15  regard to discovery in this action.

16      14.   The parties propose the following pre-trial schedule

| | |
|---|---|
| Motions to Amend Pleadings | September 24, 2007 |
| Completion of Mediation | October 19, 2007 |
| Plaintiffs Expert Disclosures and Rule 26 Reports | November 9, 2007 |
| Defendant's Expert Disclosures and Rule 26 Reports | November 20, 2007 |
| Discovery concludes | December 4, 2007 |
| Dispositive Motions | December 11, 2007 |
| Final Pretrial Conference | December 18, 2007 |
| Trial | _____ |

                           **TRIAL SCHEDULE**

                                    8
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED]
ORDER**

9/10/07 (24601) #280112.1

1        19.    Both parties will demand a jury trial.  The parties estimate that it will take

2    approximately three to five days to present the matter to the jury.

3    Dated:  September 10, 2007          FITZGERALD ABBOTT & BEARDSLEY LLP

4

5                                  By

6                                     William E. Adams

7                                   Attorneys for Plaintiff and Cross-Defendant
                                    HUBB SYSTEMS, LLC

8    Dated:  September 10, 2007          HOLLAND & KNIGHT LLP

9

10                                 By

11                                    Charles L. Coleman, III

12                                  Attorneys for Defendant and Cross-Complainant
                                    microDATA GIS, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           9
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**

1

## CASE MANAGEMENT ORDER

2      The Case Management Statement and Proposed Order is hereby adopted by the Court as

3  the Case Management Order for the case and the parties are ordered to comply with this Order.

4  In addition, the Court orders:

5

6  Dated: _____

7                                              _____
                                               The Honorable Bernard Zimmerman
8                                              United States District Court Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                     10
       **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED]**
                                    **ORDER**

9/10/07 (24601) #280112.1